RAYMOND A. HEARN *v.* ARTHUR S. HEARN, Justice of the Peace in and for Sussex County.

(*December* 13, 1937.)

SPEAKMAN, J., sitting.

*Tunnell and Tunnell* for petitioners.

*Daniel J. Layton, Jr.,* for respondent.

Superior Court for Sussex County, No. 3, October Term, 1937.

SPEAKMAN, J., delivering the opinion of the Court:

The question raised by the motion to discharge the rule and to dismiss the petition is "Does the statement of the plaintiff's demand show a cause of action within the jurisdiction of the Justice?"

■ If it does show such jurisdiction the motion to discharge the rule and to dismiss the petition should be granted, because

"The Court will exercise its authority to issue Writs of Prohibition, to courts of inferior jurisdiction, only in cases where such courts clearly exceed their jurisdiction, or attempt to usurp a jurisdiction belonging to some other

forum." 2 *Spelling on Injunctions and other Extraordinary Remedies* (*2d Ed.*), *Sec.* 1723.

If, on the other hand, the statement does not show jurisdiction in the Justice the motion to discharge the rule and to dismiss the petition should be denied. *Knight v. Haley,* 6 *W. W. Harr.* (36 *Del.*) 366, 176 *A.* 461.

The petitioner's exceptions are dependent solely upon his claim that the notice given for the purpose of terminating the tenancy, which is incorporated in and constitutes a part of the statement of the plaintiff's demand, is insufficient.

■ Forcible Entry and Detainer was a misdemeanor both at common law and under the early Statutes of England. 9 *Halsbury's Laws of England* (*2d Ed.*), *pp.* 318, 320.

By the *Statute of* 8 *Hen.* 6 *c.* 9 the forcible continuance in possession by a tenant whose term had expired was a "forcible detainer" and upon conviction of the defendant the Statute provided for the restitution of the demised premises to the landlord. 10 *Halsbury's Statutes of England, p.* 312.

Forcible entry and detainer as a civil proceeding is based upon and has by modern legislation been evolved from the English forcible entry and detainer, which was a criminal proceeding merely. 26 *C. J., Forcible Entry and Detainer, Sec.* 30.

An early statute providing for the termination of leases and for summary proceedings for the posession of the demised premises by landlords was passed in 1793, and is found in *Volume* 2 of our laws, at *page* 1153. The next important acts touching the subject were passed in 1827 and 1829, the first being entitled "An Act concerning forcible entries and detainers and also concerning tenants holding over their terms after notice to quit," and the other being entitled "An Act concerning landlords and tenants," being

*Chapters* 34 and 169, respectively, of *Volume* 7 of our laws. In 1852 the public statutes of this State were revised up to and including the year 1852, and such revision was passed by the Legislature on February 27, 1852, as a *Revised Code* for this State.

*Chapter* 101 of the *Revised Code of* 1852 is the Chapter relating to "Justices' jurisdiction in cases of forcible entry and detainer, and of holding over", and as amended is published as *Chapter* 123 of the *Revised Code of* 1935, § 4557 *et seq.,* and *Chapter* 120 of the *Revised Code of* 1852 is a chapter entitled "Of landlord and tenant," and as amended is published as *Chapter* 142 of the *Revised Code of* 1935, § 4986 *et seq.*

The petitioner first contends that the Justice was without jurisdiction to entertain the proceedings before him because the notice to terminate the tenancy was not served on him three months or upwards before the time fixed therein for such termination.

He places great reliance on *Section* 14 of said *Chapter* 123 of the *Revised Code of* 1935 (*Section* 4570 of said *Code*), the pertinent portion of which is as follows:

"If any person who shall have demised any house, lands or tenements, for one or more years, or less time, or at will, * * * shall, three months, or upwards, before the end of such term, or estate, give notice in writing to the tenant in possession, under such demise, to remove from the premises, such tenant * * * shall deliver full possession of the said premises to the lessor * * * at the end of said term, or estate; and if he fail to do so the case shall be within the provisions of this Chapter."

This language is identical with language contained in *Section* 14 of *Chapter* 101, of the *Code of* 1852.

By *Chapter* 120 of the *Revised Code of* 1852, entitled "Of landlord and tenant," in *Section* 4 thereof it is provided in part that

"If there be a demise for a term of one or more years, and three months, or upwards, before the end of the term, * * * the land-

lord do[es] not give notice in writing to the tenant in possession to remove, or the tenant do[es] not give like notice to the landlord of his intention to remove from the demised premises, the term shall be extended   *   *   *."

And by *Section* 5 thereof it is provided, in part, that

"If the tenant,   *   *   *   shall hold over the demised premises after the end of the term, and after notice as aforesaid given   *   *   * by the landlord to the tenant   *   *   *   in   *   *   *   such ·case the withholding of possession shall be deemed a forcible detainer and may be proceeded upon as such."

Prior to 1871 there was no provision of law by which, in the absence of express contract, a lease could be terminated by giving to the tenant less than three months notice before the end of the term.

By an Act passed March 29, 1871, being *Chapter* 98 of *Volume* 14 of our laws, the existing law relating to Landlord and Tenant was amended by adding thereto the following:

"That section four of said chapter [*Chapter* 120 *Revised Code* 1852] shall not be taken or held to prescribe any time as to notice when the letting is for a less time than a year; but that when a letting is by the month or [a] months notice to quit shall be sufficient; and when it is by the week, a week's notice shall be sufficient."

The language of *Section* 4 of *Chapter* 120 of the *Revised Code of* 1852 as so amended is substantially the same as in *Section* 4 of *Chapter* 142 of the *Revised Code of* 1935, § 4989, and the above quoted language of said *Section* 5 of *Chapter* 120 of the *Revised Code of* 1852 is identical with language contained in *Section* 8 of said *Chapter* 142, § 4993.

By *Section* 3 of said *Chapter* 101 of the *Revised Code of* 1852, relating to "Justices' jurisdiction in cases of forcible entry and detainer, and of holding over," it is provided that the party entitled to the possession of the premises shall file a statement in writing with the Justice of the Peace. In case of lessee or tenant holding over it is provided that the statement must contain in substance the fol-

lowing, "and that he (the plaintiff) more than three months before the expiration of the term, gave notice in writing to the said C. D." meaning the defendant, "to remove from the said demised premises."

In 1913 by *Chapter* 280 of *Volume* 27 of our laws, said *Section* 3 of *Chapter* 101 of the *Revised Code of* 1852 (*Chapter* 101 of the *Revised Code of* 1893) was amended by striking out the words "more than three months" in that portion of the section above quoted, and by inserting in lieu thereof the following, "on or before the day required by law for giving notice for the termination of leases, of the same term, period, duration and character, as the lease or demise granted by him (the plaintiff)." The said amendment to said section now constitutes a part of said *Section* 3 as the same appears in said *Chapter* 123 of the *Revised Code of* 1935, § 4559.

Applying the pertinent provisions of law as now contained in the *Revised Code of* 1935 to the facts of this case, it appears from *Chapter* 142 thereof, relating to landlord and tenant, that where the "letting is by the month, a month's notice to quit shall be sufficient," § 4989, and that "every such case the withholding of possession," meaning holding over after the end of the term, "shall be deemed a forcible detainer and may be proceeded upon as such," § 4993, and from *Chapter* 123 thereof, relating to Justices jurisdiction in forcible entry, detainer and holding over, it appears that "when the lessee, or tenant, of any house, lands, or tenements, * * * shall hold possession of the premises, without right, the person entitled to the premises may be restored to the possession thereof," § 4558, that the lessee or tenant "shall file with a justice of the peace a statement in writing" § 4559, stating in substance, among other things, that "he had demised the house or lands (describing them) to C. D. (the defendant) * * *," that "he (the plaintiff) on or before the day required by law for giving notice

for the termination of leases of the same term, period, duration and character as the lease or demise granted by him, the plaintiff, before the expiration of the term, gave notice in writing to the said C. D. to remove from the said demised premises, and that although the said term is ended, the said C. D. has not delivered possession of the said premises, but unjustly withheld the same to the damage of the said plaintiff," that upon the issuance of a summons and the service thereof upon the tenant, "If either party request a jury trial," § 4561, a jury is summoned and sworn "to 'well and truly try and diligently inquire concerning the matters stated in the plaintiff's statement, and to find a true verdict according to the evidence,' " § 4563, and that "if on trial it shall be proved to the satisfaction of the justice, or the jury, as the case may be, that the plaintiff is entitled to the possession of the premises, he shall have judgment for the possession thereof * * *." *Section* 4562.

█ From the above it is clearly apparent that the rights of the plaintiff to prosecute his action before the Justice were in no way dependent upon *Section* 14 of *Chapter* 123 of the *Revised Code of* 1935, § 4570, which is so strongly relied on by the petitioner. The plaintiff had a right of action, as shown by the allegations in his statement, without reference to said section. By reason of the various changes in our Statutes relating to landlords and tenants and Justices' jurisdiction in cases of forcible entry and detainer and holding over, as hereinabove indicated, *Section* 14, *Chapter* 123 of the *Revised Code of* 1935 has no application to those cases where proceedings are taken against a tenant holding over after notice to quit, and the letting was by the month.

█ The petitioner next contends that the notice given to terminate the tenancy was the notice of "George M. Mills" and not the notice of the plaintiff "Willard H. Ellis, Agent for George M. Mills." He apparently bases his contention

on the signature to the notice, it being "George M. Mills, Per Willard H. Ellis." It of course would have been more proper if the notice had been signed "Willard H. Ellis, Agent for George M. Mills," but the signature "George M. Mills, Per Willard H. Ellis," can only mean that it is the signature of the principal, George M. Mills, by his agent, Willard H. Ellis, whereas the allegation relating to the letting is by Willard H. Ellis, as Agent for George M. Mills.

■ There is no substantial difference between a notice signed "George M. Mills, Per Willard H. Ellis" and a notice signed "Willard H. Ellis, Agent for George M. Mills," the legal effect is the same. In each case Mills is the principal and Ellis is the agent. The notice was sufficiently definite to indicate its purpose. See *Lund v. Ozanne*, 13 *N. M.* 293, 84 *P.* 710.

And lastly the petitioner contends that the record fails to show the relationship of landlord and tenant between the plaintiff, Willard H. Ellis, Agent for George M. Mills, and the defendant.

■ It is generally recognized by the Courts and text writers that an agent who contracts in his own name may sue in his own name. 2 *C. J., Agency, Sec.* 594.

■ It cannot be denied that the subject matter of the proceeding in question was within the jurisdiction of the Justice and that the statement of the demand filed with the Justice was the statement of Willard H. Ellis, Agent for George M. Mills, therefore if it appeared from the allegations contained in the statement that the claimant had a good cause of action against Raymond A. Hearn it was the duty of the Justice to assume jurisdiction. The petitioner claims that the Justice should not have entertained the proceeding, because, as he contends, the statement did not show a good cause of action, in that the notice relied upon was the notice of George M. Mills and not the notice of the plaintiff,

Willard H. Ellis, and for that reason the record fails to show the relationship of landlord and tenant between the plaintiff and the defendant.

Reference to the statement discloses that it contains the following allegation: "I, Willard H. Ellis, as aforesaid," meaning Agent for George M. Mills, "did rent to Raymond A. Hearn, a certain house," &c., and that the statement is signed "Willard H. Ellis, Agent for George M. Mills," and for the reason above stated the notice to quit was the notice of the plaintiff.

There is nothing in the statement from which a relationship between the parties other than landlord and tenant can be inferred. Whether such relationship existed at the time of the alleged letting and at the time of the filing of the statement, were questions solely within the jurisdiction of the Justice to hear and determine.

For the reasons above stated, an order will be signed discharging the rule to show cause and dismissing the petition.