90 A.2d 467 (1952)
DU PONT
v.
DU PONT.
Supreme Court of Delaware.
June 6, 1952.
Arthur G. Logan and Stephen E. Hamilton, Jr., of Wilmington, for plaintiff in error.
James R. Morford and William Marvel, of Wilmington, for defendant in error.
WOLCOTT and TUNNELL, JJ., and BRAMHALL, Vice Chancellor, sitting.
WOLCOTT, Justice.
This writ of error seeks to review the propriety of a portion of an order of the Superior Court, 83 A.2d 105, granting, inter alia, an interim award of counsel fees to the defendant below. The defendant below has moved to dismiss the writ of error on the ground that the order appealed from is not a final judgment.
This action is for an annulment of marriage. In the court below the defendant wife made application for interim allowances of alimony and suit money. The application was fully briefed and argued and the court filed its opinion ruling that the defendant was entitled to interim allowances for suit money, but that the ruling on the application for alimony should be stayed because of the pendency of a similar application by the wife in the Court of Chancery. On July 23, 1951, an order was entered making an interim allowance to the wife for suit money. It is this order which the plaintiff husband seeks to have reviewed by this writ of error.[1]
If this court has jurisdiction to entertain this cause, it must be by reason of Article IV, Section 11, ¶(1) of the Delaware Constitution which confers jurisdiction to review in civil causes by way of writ of error "all matters in error in the judgments and proceedings" of the Superior Court. The jurisdiction so conferred is confined solely to the review of errors contained in final judgments or in orders in the nature of final judgments in other proceedings *468 of the Superior Court. Finality of decision is essential to the right of review by reason of convenience and the avoidance of delays. The right of review of intermediate or interlocutory orders of the Superior Court is therefore held in abeyance until the cause has reached a point when all the alleged errors may be reviewed in a single appeal of the whole cause.
Electrical Research Products v. Vitaphone Corp., 20 Del.Ch. 417, 171 A. 738; Ownbey v. Morgan's Executors, 7 Boyce 297, 30 Del. 297, 105 A. 838. Review of matters in the Superior Court by way of writ of error differs in this material aspect from review of matters in the Court of Chancery by way of appeal. DuPont, v. DuPont Del., 82 A.2d 376.
The order of July 23, 1951, review of which is sought by this proceeding, was entered almost six months before the entry of the final judgment in the cause dismissing the complaint. It is not a final judgment or an order in the nature of a final judgment to which a writ of error will lie. Furthermore, the error in the order of July 23, 1951, if there be any, can and has been urged by the plaintiff below in the proceedings seeking review of the final judgment. 90 A.2d 468.
The instant cause is therefore premature and superfluous and will be dismissed.
NOTES
[1] Final hearing on the petition was completed prior to the award of the interim allowance and a final judgment dismissing the petition subsequently was entered on December 12, 1951. From that judgment the plaintiff appealed. That appeal is now pending in this court.