In Re JOANNE CHEFFINS, a Minor.

*(December 24, 1952.)*

HERRMANN, J., sitting.

*David B. Coxe, Jr.*, for Homer D. Cheffins.

*Leonard G. Hagner* for Rachel Cheffins.

Superior Court for New Castle County, No. 984, Civil Action, 1952.

HERRMANN, J.:

Homer D. Cheffins, the father of Joanne Cheffins, seeks review of an Order of the Family Court awarding temporary custody of the child to the mother, Rachel Cheffins. The Order of the Family Court was entered on November 14, 1952 and it provided that custody of the child was "awarded temporarily ex-

clusively to Rachel Cheffins". The Order also stated that the case would be reviewed by the Family Court on February 21, 1953.

The mother moves to dismiss the appeal on the ground that the Order of the Family Court was an intermediate or interlocutory order and was not such final judgment, or order in the nature of a final judgment, as may be reviewed upon appeal to this Court.

The open status of custody orders of the Family Court is established by 45 *Delaware Laws*, Chapter 241, Sec. 30, which provides:

"The Judge [of the Family Court] may at any time, after due notice of hearing to the parties interested in the matter before the court, review, revise, or revoke any prior order, ruling, decision, decree or Judgment of the Court with reference to the custody of a child or any order for his support or care."

The Statute governing appeals such as this, being 48 *Delaware Laws*, Chapter 247, provides:

"Section 18. Appeal:—Any order of the [Family] Court relative to the custody of any child shall be subject to review, and his parent, guardian, next friend or any interested person or agency, at any time within thirty days after the date of such order, upon giving surety for costs as herein provided may appeal to the Superior Court in and for New Castle County, any Judge of which shall rehear the case; and for that purpose shall cause said child to be brought before him, and also the witnesses on behalf of the State and the custodian, and upon such rehearing, said Judge of the Superior Court shall make such order in the matter as he shall deem proper. * * *"

Under these provisions of the Statute, it is clear that no custody order of the Family Court is ever completely final and that, upon proper application, this Court is required to review

"*any*" order of the Family Court relative to the custody of a child, including an award of temporary custody. In so doing, this Court is required to hear the matter *de novo*.

The mother seeks to have this Court apply the rule of finality of judgment which pertains to review by the Supreme Court of orders and judgments of the Superior Court by way of writs of error, and she cites *Du Pont v. Du Pont*, 8 *Terry* 229, 90 *A.* 2d 467. Such rule would conflict with the provision of the Statute requiring that "any" order be reviewable. The common law rule that only final judgments may be reviewed upon writs of error has no application here. There can be no proper analogy between the writ of error, which brings up only errors of law and is governed by the common law, and a statutory appeal such as this, which removes the cause for re-examination of the facts as well as the law and is governed by the Statute which creates it. See 1 *Wooley on Delaware Practice*, § 46.

The motion to dismiss will be denied.