WARD M. CANADAY, Petitioner, v. THE SUPERIOR COURT OF THE STATE OF DELAWARE IN AND FOR NEW CASTLE COUNTY, and the HONORABLE CHARLES L. TERRY, sitting as Judge of said Court, Respondents.

KATHARINE R. BRAINARD, Executrix under the Last Will and Testament of Miller Brainard, Deceased, and SAMUEL VANCE, JR., Intervening Respondents.

---

(*September* 8, 1955.)

SOUTHERLAND, Chief Justice, WOLCOTT and BRAMHALL, Justices, sitting.

*Edwin D. Steel, Jr.,* (of Morris, Steel, Nichols and Arsht) for petitioner.

*James R. Morford* (of Morford and Bennethum) for intervening respondents.

Supreme Court of the State of Delaware, No. 4, 1955 Term.

WOLCOTT, J.:

This is a petition for a writ of prohibition against the Superior Court of New Castle County. On December 22, 1953, an action was commenced in the Superior Court against Canaday, the petitioner herein, alleging a cause of action for brokerage commissions due the plaintiffs, the intervening respondents herein. The action was commenced by the filing of a complaint and the issuance of a writ of foreign attachment, under which the sheriff, on December 22, 1953, purportedly seized all the

shares of stock in Empire Securities, Inc. belonging to the petitioner. The purported writ of foreign attachment served by the sheriff and the copy of the writ left by him with the resident agent of the corporation bore the seal of the Superior Court and a rubber stamp facsimile of the signature of the Prothonotary.

On April 26, 1954, on motion of the plaintiffs, a judgment *nisi* was entered in the cause against the petitioner. On the same day, the petitioner entered a general appearance and four days later filed an answer to the merits of the action and, also, two affirmative defenses attacking the validity of the writ of foreign attachment.

Thereafter, in advance of a hearing on the merits, the Superior Court heard argument on the affirmative defenses and on March 30, 1955 filed its opinion, 10 *Terry* 182, 112 *A.* 2d 862, holding (1) that the original writ of attachment was invalid since it bore only a facsimile signature of the Prothonotary contrary to Rule 4(c) of the Superior Court, *Del. C. Ann.*, requiring that all process shall be signed by the Prothonotary, (2) that the purported copy of the writ (characterized as a "duplicate original") left with the resident agent was a substantial compliance with 8 *Del. C.* §§ 324(b) and 321 requiring that a certified copy of the original writ be left with the resident agent, but (3) that by entering a general appearance and filing an answer to the merits the petitioner had submitted himself to *in personam* jurisdiction of the Superior Court, despite the invalidity of the original writ of foreign attachment.

Thereafter, the petitioner petitioned this court for a writ of prohibition, asserting that the Superior Court proposed to enter an order overruling the affirmative defenses of the petitioner and directing that the cause proceed to trial on the merits on the ground that the petitioner had subjected himself to *in personam* jurisdiction of that court. The plaintiffs below were permitted to intervene as respondents, and the petition was set down for hearing.

The brief of the petitioner sets forth three points in support of·the issuance of a writ of prohibition. Points 1 and 2 relate to the legality of the writ of foreign attachment which the Superior Court has held to be invalid. Point 3 asserts error in the holding of the Superior Court that petitioner, by entering a general appearance and answering to the merits of the complaint, submitted to *in personam* jurisdiction of the Superior Court.

The intervening respondents moved to strike Points 1 and 2 from the petitioner's brief on the ground that these questions had been resolved by the court below in favor of the petitioner and that therefore the Superior Court was not threatening to take jurisdiction. over the cause and the petitioner in reliance upon its ruling upon those questions. While the motion of the intervening respondents is in form a motion to strike portions of the brief, we regard it as a motion to limit the issues to be argued on the petition for prohibition.

We agree with the position of the intervening respondents with respect to Points 1 and 2 of the petitioner's brief. In *Clendaniel v. Conrad*, 3 *Boyce* 549, 83 *A.* 1036, it was held that a writ of prohibition will issue from a superior to an inferior tribunal solely for the purpose of preventing. the inferior tribunal from exceeding the limits of its jurisdiction. It necessarily follows, therefore, that if the inferior tribunal has denied its jurisdiction based upon some particular theory, there is no occasion to interpose a barrier to the exercise of jurisdiction upon a theory which has already been disclaimed.

The petitioner argues in support of the retention of Points 1 and 2 of his brief that he must prevail with respect to all three points asserted in order to obtain the relief sought. We find difficulty, however, in following the argument. The petitioner has prevailed in the court below in his position that the writ of foreign attachment was invalid. There is, accordingly, no threat on the part of the court below to assume jurisdiction of the cause upon the theory that the writ of foreign attachment is a valid process. The motion to limit the issues raised by the petition will therefore be granted.

It is true, as petitioner suggests, that the effect of this holding is to split the case into two parts for the purpose of appellate review—ordinarily an undesirable result. This consequence, however, inevitably flows from the nature of the writ of prohibition. We cannot in this proceeding review the correctness of the Superior Court's rulings on the validity of the attachment.

However, at the argument on the intervening respondents' motion to limit the issues, this court, *sua sponte*, asked for further briefing on the question of its authority to entertain a petition for a writ of prohibition under the circumstances constituting the foundation for the presentation of Point 3 asserted in the petitioner's brief.

These circumstances are that in an action commenced by a writ of foreign attachment the defendant appeared generally, answered to the merits, and at the same time raised affirmative defenses attacking the invalidity of the process which had brought him into court. The court below held that the process was invalid and should be quashed but that the general appearance of the petitioner below answering to the merits amounted to a submission to personal jurisdiction irrespective of the validity of the writ of foreign attachment. The question thus raised by Point 3 of the petitioner's brief involves the effect of the adoption by the Superior Court on January 1, 1948 of its new Rules of Civil Procedure, based largely upon the Federal Rules of Civil Procedure, 28 *U. S. C. A.*, which purportedly abolish the distinction prevalent under the former practice between general appearances and special appearances for the purpose of attacking jurisdiction.

We do not reach at this juncture of the proceedings before us the precise question presented by Point 3. We are faced initially with a determination of our own jurisdiction to consider the correctness of the holding of the court below through the medium of a petition for a writ of prohibition. Obviously, the petitioner, had he so elected, could have permitted the cause below to go to trial and final judgment and then by writ of error

had an ultimate review of the precise question. He elected to petition for a writ of prohibition which, by Art. IV, § 11(6) of the Constitution of this state, *Del. C. Ann.*, we have original jurisdiction to issue.

The determination of the propriety of this petition requires us to assume, without so deciding, that the ruling of the court below upon Point 3 was erroneous in law and that such erroneous ruling is the only basis for the retention by the Superior Court of jurisdiction over the person of the petitioner.

■ Initially, we observe that the appellate jurisdiction of this court over the proceedings in the Superior Court is limited by Art. IV, § 11(1) of the Constitution to review by writs of error. The grant of appellate jurisdiction by writ of error limits review to final judgments of the Superior Court. *Ownbey v. Morgan*, 7 *Boyce* 297, 105 *A.* 838; *Trowell v. Diamond Supply Co.*, 8 *Terry* 422, 91 *A.* 2d 797. There is no provision in our law granting appellate review as a matter of right to a litigant of interlocutory orders of the Superior Court.

We further note that this petition for a writ of prohibition presents no dispute of fact. The correctness or incorrectness of the ruling of the court below that the petitioner has submitted to *in personam* jurisdiction can, as a matter of law, be determined from the undisputed facts set forth in the petition.

The precise question, therefore, for our determination is whether the correctness of the ruling of the Superior Court may be considered by us on a petition for a writ of prohibition, or whether we should dismiss the petition and leave the petitioner to his ultimate right to have the question reviewed by writ of error after final judgment.

■ The writ of prohibition is a writ issued by a superior to an inferior court to prevent such court from exercising jurisdiction over matters not legally within its cognizance, or to prevent it from exceeding its jurisdiction in matters over which it admittedly has cognizance. It is designed primarily to keep

the administration of justice in orderly channels, and to prevent unwarranted assumption of power over persons, or matters not within the legitimate cognizance of the inferior tribunal. *Clendaniel v. Conrad, supra; Knight v. Haley,* 6 *W. W. Harr.* 366, 176 *A.* 461; *Fouracre v. White,* 7 *Boyce* 25, 102 *A.* 186; 42 *Am. Jur.,* Prohibition, §§ 2, 5.

██ Generally speaking, the writ of prohibition may not be distorted into a substitute for a writ of error for the correction of error, irregularity or mistake in the proceedings in the court below which can be reviewed by ordinary appellate process. 42 *Am. Jur.,* Prohibition, §§ 8, 30; 2 *Bailey on Habeas Corpus,* § 357a. The writ will be denied if the petitioner has another adequate and complete remedy at law for the correction of the asserted error of the court below. *Norton v. Emory,* 108 *Me.* 472, 81 *A.* 671; *High on Extraordinary Legal Remedies,* § 770; *Chew v. Superior Court,* 43 *R. I.* 194, 110 *A.* 605.

██ There is considerable authority, however, that error in the assumption of jurisdiction over a party may be corrected by means of a writ of prohibition, even though the party over whom jurisdiction has been wrongly assumed has an ultimate remedy to correct such ruling by the ordinary course of appellate review. The question is to be determined in the light of the circumstances of the particular case. One factor which has led a substantial number of jurisdictions to afford relief by prohibition in circumstances similar to those presented by the petition before us is the attendant unavoidable delay and expense occasioned by the necessity of proceeding to final judgment in order to obtain appellate review of an order assuming jurisdiction over a litigant.

In *State ex rel. Ellan v. District Court,* 97 *Mont.* 160, 33 *P.* 2d 526, 93 *A. L. R.* 865, a suit was instituted below against a nonresident who was temporarily in Montana but free from the service of process. Despite this, he was served and, thereafter, appeared specially, moving to quash the summons. The motion to quash was denied. On petition to the Supreme Court a writ of

prohibition was granted on the ground that a non-resident should not be put to the delay and expense of preparing and defending for trial, only to have the final judgment on appeal declared a nullity because the trial court was without jurisdiction over the person of the defendant.

In *Hammond v. District Court*, 30 *N. Mex.* 130, 228 *P.* 758, 39 *A. L. R.* 1490, it was held that a writ of prohibition would issue to prevent contempt proceedings against a party defendant below who had ignored an illegal summons.

In *Jardine v. Superior Court*, 213 *Cal.* 301, 2 *P.* 2d 756, 79 *A. L. R.* 291, a writ of prohibition was granted to prevent further proceedings below on the ground that *in personam* jurisdiction over the defendant had not been acquired. One of the reasons given for the issuance of the writ was that the defendant's remedy by appeal would be time-consuming and expensive.

In *Brockbank v. Second Judicial District Court*, 65 *Nev.* 781, 201 *P.* 2d 299, a writ of prohibition was granted on the ground that the substituted service statute had not been complied with, and that the defendant's motion in the court below to quash the service had been denied.

In *Carlson v. District Court*, 116 *Colo.* 330, 180 *P.* 2d 525, a suit had been instituted against the defendant as a non-resident. He appeared specially and moved to quash on the ground that he was not a non-resident but was a resident of Colorado. His motion was denied, whereupon he petitioned for a writ of prohibition and the Supreme Court of Colorado issued the writ on the ground that the court below was proceeding without jurisdiction.

In *State ex rel. Western Canadian Greyhound Lines v. Superior Court*, 26 *Wash.* 2d 740, 175 *P.* 2d 640, a writ of prohibition was issued where it appeared from the undisputed facts that the trial court did not and, under the circumstances, could not have acquired personal jurisdiction over the defendant.

In *Pennsylvania Ry. Co. v. Rogers*, 52 *W. Va.* 450, 44 S. E. 300, 62 *L. R. A.* 178, a writ of prohibition was issued to prevent trial of a garnishment proceeding where the garnishee, although purportedly served with process in West Virginia, as a matter of law based on undisputed facts was not subject to service of such process.

See also: *Curtis v. Cornish*, 109 *Me.* 384, 84 *A.* 799; 2 *Bailey on Habeas Corpus*, § 358; 2 *Spelling, Injunctions and Other Extraordinary Remedies*, (2nd Ed.) § 1730; *Shortt on Prohibition*, 450-452.

■ The foregoing cited authorities all stand for the proposition that where, from undisputed facts, it clearly appears that a trial court is erroneously assuming personal jurisdiction over a defendant who has not been, nor can be, subjected to the court's jurisdiction, the defendant may successfully petition for a writ of prohibition to end the matter. This is true even though the petitioner ultimately would have the right to a review of the jurisdictional question by way of appeal. Such remedy, however, is held not to be adequate for the reason that it subjects the petitioner to unreasonable delay and expense in defending an action which later will be declared a nullity. We take the same view.

■ We point out that the right to have such a question reviewed by way of a petition for a writ of prohibition depends directly upon the inadequacy of ordinary appellate review of such an interlocutory ruling by writ of error. We think at the time this petition was filed the petitioner's remedy was demonstrably inadequate. However, since that time we have amended Rule 20 of the rules of this court, *Del. C. Ann.*, to permit the certification to this court of a question of law raised by an interlocutory order sustaining the controverted jurisdiction of the Superior Court. We think the amendment to Rule 20 might bear directly upon the adequacy or inadequacy of remedy in future applications for writs of prohibition under similar circumstances, but of course we must pass upon the instant petition in the light of the law as it existed on the day it was filed.

 We conclude, therefore, that the petition now before us was properly filed. The factual background of Point 3 is not in dispute. It is possible for us to determine from the moving papers the jurisdictional question. In the event it should turn out to be the fact that the Superior Court has acquired no personal jurisdiction over the petitioner, the matter can be ended without putting the parties to the effort and expense of conducting a time-consuming trial. It seems to us the orderly administration of justice will be best served by a final determination at this stage of the proceedings of the jurisdictional question.

The petition, therefore, will be set down for argument on Point 3 of the petitioner's brief. Counsel for intervening respondents is requested to submit an order on notice in accordance with the foregoing opinion, and fixing a schedule for briefs and an argument date.