In the Matter of the Petition of NORMAN CARTER.

(*January* 27, 1960.)

CAREY, J., sitting.

*Robert D. Thompson, Jr.,* for petitioner.

*Frederick P. Whitney,* Deputy Attorney-General, for the State.

Superior Court for Sussex County, No. 13, Civil Action, 1960.

CAREY, J.:

The defendant was tried, convicted and sentenced by the Alderman of the City of Milford upon two charges of petit larceny in violation of Title 11, Section 632, Delaware Code 1953. The Alderman's purported jurisdiction arises from Vol. 51 *Laws of Delaware* 531, approved July 22, 1957, which reads in part as follows:

"He shall have all of the powers of a Justice of the Peace within the City, with jurisdiction over and cognizance of all breaches of the peace and other violations of Ordinances of the City or Laws of the State of Delaware; to arrest and hold to bail; to imprison offenders, and to impose and enforce fines, forfeitures and penalties as may be prescribed by Ordinance of the City or Law of the State of Delaware".

It is charged that the Alderman in fact has no jurisdiction to enforce a penal state statute, in contrast to a city ordinance, because of Article 4 Section 30 of the State Constitution, *Del. C. Ann.* Section 28 of that Article authorizes the Legislature to create "inferior courts" with limited criminal jurisdiction. Section 30 provides as follows:

"§ 30. Justices of the peace and judges of legislative courts; appointment by Governor; terms of office.

"Section 30. Justices of the Peace and the judges of such courts as the General Assembly may establish, or shall have established prior to the time this amended Article IV of this Constitution becomes effective, pursuant to the provisions of Section 1 or Section 28 of this Article, shall be appointed by the Governor, by and with the consent of a majority of all the Members elected to the Senate, for such terms as shall be fixed by this Constitution or by law."

Obviously, to the extent that the City Charter, as amended by Vol. 51 *Laws of Delaware* 531, confers upon the Alderman the powers of a Justice of the Peace with respect to State laws, it makes him an "inferior court" of the State. Of no importance is the name or title; the mandate of Section 30 is not limited to Justices of the Peace, but applies to all inferior courts.

It is conceded that the Alderman of Milford is appointed by the City Council, not by the Governor with the consent of the Senate. Accordingly, the attempt to add to his previously existing powers the jurisdiction to try violation of state laws is invalid. To that extent, the amendment to the City Charter is clearly unconstitutional. In fact, no contention to the contrary is made on behalf of the State. Nothing herein said is intended to affect or pass upon the Alderman's power to enforce City Ordinances.

The petitioner is entitled to release from custody, because of lack of jurisdiction of the Alderman over the offenses charged. It will be so ordered.