MARK CLIVE MALCOM, Petitioner, v. THE SUPERIOR COURT OF THE STATE OF DELAWARE, IN AND FOR NEW CASTLE COUNTY, The HONORABLE ANDREW D. CHRISTIE, Resident Judge, and The HONORABLE JUDGES sitting in the Superior Court of the State of Delaware, Respondents.

(*June* 27, 1961.)

SOUTHERLAND, Chief Justice, WOLCOTT, Justice, and SHORT, Vice-Chancellor, sitting.

*Julian D. Winslow* for petitioner.

*Nathan P. Michlin* and *Joseph P. Hurley* for intervenor.

Supreme Court of the State of Delaware, No. 14, 1961.

WOLCOTT, J.:

This is a petition for a writ of prohibition to prevent the Superior Court of New Castle County from exercising jurisdiction over a pending divorce action in that court. When the petition was filed an order was entered issuing a rule to show cause and permitting the plaintiff in the divorce action below to intervene. The intervenor promptly moved to dismiss the petition.

The petition sets out the following factual situation:

On January 15, 1960, a wife, the intervenor here, filed a complaint for divorce in the Superior Court against her husband, the petitioner here, upon the ground of the husband's alleged adultery. The complaint alleged that the wife was a resident of Maryland and that the husband was a resident of New Castle County, Delaware. The husband was personally served and appeared generally in the divorce action.

Subsequently, on April 11, 1960, the wife, without leave of court, filed an amended complaint, we assume in substitution of the original complaint, setting forth two grounds for divorce, *viz.*, the non-age of the wife at the time of marriage and the voluntary three-year separation of the parties without

reasonable expectation of reconciliation. These appear to be valid grounds for divorce under 13 *Del. C.* § 1522.

The husband then moved to strike the amended complaint on the ground that a divorce complaint may not be amended to set forth a new and different cause for divorce. His motion to strike was denied by order of the court dated July 6, 1960.

Thereupon, the husband, on July 18, 1960, moved to dismiss the action on the ground that the amended complaint failed to make necessary jurisdictional allegations required by 13 *Del. C.* §§ 1502, 1525. The husband, one week later, also filed an answer to the amended complaint and apparently still pressed for decision on his motion to dismiss.

Thereafter, on January 18, 1961, the wife filed a final amended complaint. The Superior Court, on February 14, 1961, entered an order denying the husband's motion to dismiss and ordering him to answer within ten days the final amended complaint which was deemed to be the complaint in the divorce action.

At this juncture, the husband petitioned this court for a writ of prohibition to stop further proceeding in the Superior Court on the ground of an asserted lack of jurisdiction to hear the cause in that court. The following reasons are urged by the petitioner in support of his charge of lack of jurisdiction in the Superior Court:

1. The original complaint failed to allege that either party was a bona fide resident of Delaware as required by 13 *Del. C.* § 1525, such allegation as to the husband being made only upon information and belief.

2. 13 *Del. C.* § 1502 does not permit the amendment of a divorce complaint to set forth a new and different cause for divorce.

3. The final amended complaint failed to allege necessary jurisdictional averments required by 13 *Del. C.* § 1525.

Presumably, all of the questions raised by the petitioner before us were decided against him and in favor of the intervenor by the Superior Court. We confess to an inability to understand precisely what it is the petitioner seeks to raise before us. We are unable to determine from the record before us whether the petitioner attacks the propriety of an allowance of amendments to pleadings and, if not, whether in fact a serious jurisdictional question has been raised. In any event, however, we assume that whatever question he seeks to raise has been ruled upon adversely to him.

We have not sought clarification of the precise question from counsel because of the view we take of the propriety of proceeding in review of the question, whatever it may be, by a petition for a writ of prohibition.

We think the petition for the writ must be dismissed. *Canaday v. Superior Court*, 10 *Terry* 332, 116 *A.* 2d 678, is a complete answer to the right of the petitioner to maintain the petition. In that case, we pointed out that the writ of prohibition is not to be distorted into a substitute for appellate proceedings in review of rulings of trial courts, and that the writ will be denied in the ordinary case when the petitioner has another adequate and complete remedy at law for the correction of the asserted error of the court below.

It is true that in the *Canaday* case we upheld the propriety of proceeding by way of petition for a writ of prohibition in review of an order of the Superior Court upholding its jurisdiction to hear a cause. We did so, however, in the light of the peculiar circumstances of that case and, in particular, the possible avoidance of a long and expensive trial. Of compelling influence in that case was the inability of Canaday to obtain a review of an adverse ruling except by writ of error which, at that time, was the only method of review of proceedings in the Superior Court. Of course review by writ of error became available only after final judgment. *duPont v. duPont*, 8 *Terry* 229, 90 *A.* 2d 467.

We pointed out that at the time the Canaday petition was filed, Rule 20 of the rules of this court, *Del. C. Ann.*, providing for the certification of questions of law did not permit a question determined by interlocutory order of the Superior Court to be certified to us for answer, but that, subsequently, the rule had been amended to permit the certification of questions so determined. We thought, however, that Canaday's right was to be decided by the law as it stood on the day of filing of his petition and, accordingly, we refused to dismiss it. The reason for refusing to dismiss was the nonexistence of an adequate remedy otherwise.

This result no longer obtains with respect to interlocutory orders of the Superior Court. Since our ruling in the *Canaday* case, Article 4, § 11 of the Constitution, *Del. C. Ann.*, has been amended authorizing this court "to receive appeals from the Superior Court in civil causes and to determine finally all matters of appeal in the interlocutory or final judgments and other proceedings of said Superior Court in civil causes." This amendment now provides for appeals from interlocutory orders of the Superior Court in the same fashion as appeals from interlocutory orders in the Court of Chancery have long been allowed. It would follow, therefore, that an interlocutory order of the Superior Court which determines substantial issues and establishes legal rights would be appealable. *Cf. Martin v. American Potash & Chemical Corp.*, 33 *Del. Ch.* 234, 92 *A.* 2d 295, 35 *A. L. R.* 2d 1140; *duPont v. duPont*, 32 *Del. Ch.* 405, 82 *A.* 2d 376.

If, therefore, as petitioner contends, the orders of the Superior Court which he attacks as error settle substantial issues and rights adversely to him, an interlocutory appeal is available to him to have such orders reviewed. If no such issues or rights have been settled, then obviously the petitioner has nothing to complain of.

Furthermore, the referred-to amendment to Rule 20 of this court would permit the certification of these questions

if the order or orders "sustained the controverted jurisdiction of the Superior Court."

All of the foregoing means that the petitioner has a completely adequate remedy at law other than by petition for a writ of prohibition, and that, consequently, this petition must be dismissed.