IN RE:   THE PETITION OF BERNARD J. SMYTH.
BERNARD J. SMYTH, Petitioner, v. GEORGE K. SHOCKLEY, as
   Alderman of the City of Dover, Defendent.

(*December* 14, 1961.)

LYNCH, J., sitting.

*Herman C. Brown* for Petitioner, Bernard J. Smyth.

*David P. Buckson* for George K. Shockley, Alderman of the City of Dover, Delaware.

Superior Court for Kent County, No. 191, Civil Action, 1961.

LYNCH, Judge.

Section 52 of the City Charter of Dover provides, *inter alia*:

"The Alderman shall have jurisdiction and cognizance of all breaches of the peace and other offenses committed in the City * * *."

The same section of the Dover City Charter further provides:

"* * *. Within his jurisdiction as aforesaid, the Alderman shall have all the powers and authority of a Justice of the Peace for Kent County."

The appointment of the Alderman is authorized by the Dover City Charter. The Charter provides the method for his selection and appointment; neither the Governor of the State of Delaware, nor the Senate of the General Assembly of the State of Delaware has or exercised any power or jurisdiction,

or in any way participated in the appointment or confirmation of Mr. Shockley to his office as Alderman.

*Title* 11 *Del. C.* 1953 § 5502, provides:

"The accused, in all criminal cases where a justice of the peace in Kent County has jurisdiction and power to hear and finally determine the matter, may elect to have the case tried by the Court of Common Pleas for Kent County."

*Title* 11 *Del. C.* 1953 § 5901, stresses and further sustains this right of election in an accused as it specifically provides:

"* * * the accused has the right to elect to have the case tried by the Court of Common Pleas * * *. Every justice of the peace and the officer making the arrest shall advise such accused of his right to so elect, and every officer making the arrest and every justice of the peace * * * is required to so advise the accused before the justice of the peace shall have jurisdiction to try the case."

*Title* 11 *Del. C.* § 5904 empowers Justices of the Peace to punish for "any offense against an authorized ordinance of a city or town."

There is no doubt as to the jurisdiction of the Court of Common Pleas of Kent County over offenses against an authorized Ordinance of a city or town, if the charges are brought before that Court or before a Justice of the Peace and the accused elects to be tried in the Court of Common Pleas.

George K. Shockley is the duly appointed Alderman of the City of Dover. As such he is, by the Dover City Charter, empowered to hear and determine all breaches of the peace and other offenses embraced within the Ordinances of the City of Dover, including persons charged with being drunk and disorderly on the streets of the City of Dover. Petitioner, Bernard J. Smyth, was arrested by a member of the City

Police of Dover and charged with being drunk on the streets of Dover, in violation of an Ordinance of the City of Dover.

A hearing was fixed on the charge before Alderman Shockley. On the day fixed for the hearing Petitioner Smyth appeared with counsel and requested he be permitted to elect to have his case heard by the Court of Common Pleas for Kent County, under the above quoted law, rather than by Alderman Shockley. Alderman Shockley denied the request on the basis there is no provision in the Charter of the City of Dover permitting a person charged with a violation of any Ordinance of the City of Dover to so elect to have his case heard before the Court of Common Pleas of Kent County.

Alderman Shockley ruled that Petitioner Smyth must be tried before him and fixed August 24, 1961 at 10:00 A.M. in the Alderman's Court as the time and place of the trial.

Before that time Smyth filed a petition in this Court, praying for the issuance of a Writ of Prohibition against the Alderman, prohibiting him from proceeding to hear the charges on the scheduled date. A rule to show cause was directed to Alderman Shockley, directing him to appear and show cause why the said Writ of Prohibition should not issue and be made permanent. The petition had a further prayer, asking this Court to order Shockley, as Alderman of the City of Dover, to certify the record of the charges made against Smyth to the Court of Common Pleas for Kent County where said charges may be heard and determined by that Court.

The question for decision is this:—whether a person charged with being drunk on the streets of Dover, in violation of an Ordinance of the City of Dover, has the right to elect to be tried in the Court of Common Pleas for Kent County, or is jurisdiction to try such offenses vested solely in the Alderman appointed by the City of Dover to hear and determine such violations?

The answer to this question is simple. Alderman Shockley has unquestioned jurisdiction to hear and determine charges for violating Ordinances of the City of Dover, when the charges are filed before him in the first instance. Alderman Shockley is not a Justice of the Peace, notwithstanding, he is vested with the powers of a Justice of the Peace. He was appointed Alderman of the City of Dover and is only an Alderman with powers of a Justice of the Peace. There is no statute in this State which gives any person accused of violating any Ordinance of Dover the right to elect where he is to be tried on such charges, or which commands or directs the Alderman of the City of Dover to surrender the power vested in him by the Dover Charter, to hear and determine those cases involving "breaches of the peace and other offenses committed in the City * * *" to the Court of Common Pleas for Kent County.

A City Alderman is not a Justice of the Peace, see *Matter of the Petition of Norman Carter*, 2 *Storey* ——, 157 *A.* 2d 588 (*Super. Ct.* 1961). He is not appointed by the Governor of the State nor confirmed by the Senate of the General Assembly. He is a creature of a City Charter while a Justice of the Peace is a Constitutional Officer, *Const. of Del.* (1897) *Art.* 4, §§ 1, 29, 30, *Del. C. Ann.* An Alderman of the City of Dover,—or of any other city of the State—is not a Constitutional Officer. An Alderman holds title to his office and finds the power and jurisdiction of his office in the Charter of the City, which has chosen him to serve as Alderman.

By its very terms, *Title* 11 *Del. C.* § 5502 applies only to a Justice of the Peace in Kent County; such officers are Constitutional Officers; they are appointed by the Governor of this State "by and with the consent of a majority of all the Members elected to the Senate, * * *." *Const. Art.* 4, § 30. *Title* 11 *Del. C.* § 5502 makes no reference to persons possessing powers of a Justice of the Peace,—which is the maximum of Alderman Shockley's status. No greater rights

are given to an accused by *Title* 11 *Del. C.* § 5901 because again by its terms it is applicable *only* to a Justice of the Peace, and nothing is said of Aldermen,—even those granted powers of a Justice of the Peace. Unless Alderman Shockley was duly appointed a Justice of the Peace by the Governor and confirmed as such by the State Senate, as provided by the Constitution, neither *Title* 11 *Del. C.* § 5502 nor § 5901 is applicable.

■ This is not a case for prohibition. Alderman Shockley had and has clear power and jurisdiction to hear and determine the charges made against the Petitioner by the Dover City Police for allegedly being drunk on the streets of Dover, in violation of a Dover Ordinance.

The cases of *Hearn v. Hearn,* 9 *W. W. Harr.* 427, 430, 1 *A.* 2d 585, 586-587 (*Super. Ct.* 1937); *Abrahams v. Superior Court,* 11 *Terry* 394, 131 *A.* 2d 662, 670-671 (*Sup. Ct.* 1957) and *Canaday v. Superior Court,* 10 *Terry* 332, 338, 116 *A.* 2d 678 (*Sup. Ct.* 1955), point clearly to those situations in which a Writ of Prohibition may and should issue. It is unnecessary to lengthen this opinion by restating here the apposite legal principles so clearly stated in the cited cases, and which exclude a case such as is presented here.

It is sufficient to say that on the record presented by the Petitioner, the Court holds that Petitioner has not shown a case for relief; hence the Rule to Show Cause is discharged and his Petition dismissed.

An order carrying the holding of this opinion into effect may be presented on notice.