IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| IN THE MATTER OF THE PETITION | § | |
| OF DAVID M. WILLIAMS FOR A | § | No. 142, 2016 |
| WRIT OF MANDAMUS | § | |

Submitted: April 21, 2016
Decided: May 23, 2016

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

## **O R D E R**

This 23rd day of May 2016, upon consideration of the petition for a writ of mandamus, the State's answer and motion to dismiss, and the reply thereto,[1] it appears to the Court that:

(1)     David Williams has filed a petition seeking to invoke the original jurisdiction of this Court under Supreme Court Rule 43 to issue an extraordinary writ of mandamus to the Superior Court. Williams requests this Court to reverse the Superior Court's decision dated March 8, 2016, which denied Williams' motion for correction of sentence. The State of Delaware has filed an answer and a motion to dismiss the petition for an extraordinary writ. We find that Williams' petition manifestly fails to invoke this Court's original jurisdiction. Accordingly, the petition must be dismissed.

---

[1] Williams filed a motion on April 21, 2016 requesting leave to file a reply to the State's answer and motion to dismiss filed on April 6, 2016. The Court grants Williams' motion and has considered his reply in ruling on his petition.

(2)     This Court has authority to issue a writ of mandamus only when the petitioner can demonstrate a clear right to the performance of a duty, no other adequate remedy is available, and the trial court arbitrarily failed or refused to perform its duty.[2] An extraordinary writ will not be issued if the petitioner has another adequate and complete remedy at law to correct the act of the trial court that is alleged to be erroneous.[3] A petitioner who has an adequate remedy in the appellate process may not use the extraordinary writ process as a substitute for a properly filed appeal.[4]

(3)     In this case, it is clear that Williams' petition is legally frivolous. He could have filed a timely appeal from the Superior Court's March 8, 2016 decision. Because he had an adequate and complete remedy in the appellate process, we have no jurisdiction to issue a writ of mandamus.[5]

(4)     Moreover, given Williams' extensive history of filing legally or factually frivolous litigation, the Clerk of this Court is directed to refuse any future filing from Williams related to the criminal convictions and sentences in Cr. ID Nos. 9803018202A and 9803018202B unless the filing is accompanied by the required filing fee or is accompanied by a completed motion to proceed *in forma pauperis* with

---

[2] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).

[3] *Canaday v. Superior Court*, 116 A.2d 678, 682 (Del. 1955).

[4] *Matushefske v. Herlihy*, 214 A.2d 883, 885 (Del. 1965).

[5] *Canaday v. Superior Court*, 116 A.2d at 682.

a sworn affidavit containing the certifications required by 10 *Del. C.* § 8803(e)[6] and that motion is first granted by the Court.

NOW, THEREFORE, IT IS ORDERED that Williams' petition for an extraordinary writ is DENIED. The State's motion to dismiss is GRANTED.

BY THE COURT:


*/s/ Karen L. Valihura*
Justice

---

[6] 10 *Del. C.* § 8803(e) provides:

When a court finds that a litigant has abused the judicial process by filing frivolous or malicious litigation, the court may enjoin that litigant from filing future claims without leave of court. When so enjoined, any future requests to file claims must be accompanied by an affidavit certifying that:

(1) The claims sought to be litigated have never been raised or disposed of before in any court;
(2) The facts alleged are true and correct;
(3) The affiant has made a diligent and good faith effort to determine what relevant case law controls the legal issues raised;
(4) The affiant has no reason to believe the claims are foreclosed by controlled law; and
(5) The affiant understands that the affidavit is made under penalty of perjury.