IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| IN THE MATTER OF THE | § | |
| PETITION OF KUSHAL SHAH | § | No. 109, 2017 |
| f/k/a GERRON LINDSEY FOR A | § | |
| WRIT OF MANDAMUS | § | |

Submitted: March 13, 2017
Decided: March 21, 2017

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

## ORDER

This 21st day of March 2017, upon consideration of the petition for a writ of mandamus and the answer and motion to dismiss, it appears to the Court that:

(1)  The petitioner, Kushal Shah (f/k/a Gerron Lindsey), seeks to invoke this Court's original jurisdiction by requesting the issuance of a writ of mandamus to the Superior Court.  Shah wants to compel the Superior Court to allow him to withdraw his guilty but mentally ill plea and to hold a hearing on his mental illness.  Shah asserts that the Superior Court should have held a hearing to establish his mental illness before it accepted his plea of guilty but mentally ill in 2002.  The State of Delaware has filed an answer and motion to dismiss Shah's petition.  The Court has reviewed the parties' respective positions carefully.  We find that Shah's petition manifestly fails

to invoke the original jurisdiction of this Court. Accordingly, the petition must be dismissed.

(2) The record reflects that Shah pled guilty but mentally ill in 2002 to one count of Murder in the First Degree. In exchange for his plea, the State dismissed multiple other felony charges and agreed not to seek the death penalty. Shah moved to withdraw his plea before sentencing. The Superior Court denied his motion[1] and thereafter sentenced him to life imprisonment.[2] Shah did not file a direct appeal. Since his sentencing, Shah has filed many unsuccessful petitions for postconviction relief. Shah now has filed for a writ of mandamus asking this Court to compel the Superior Court to allow him to withdraw his plea.

(3) This Court has authority to issue a writ of mandamus only when the petitioner can demonstrate a clear right to the performance of a duty, no other adequate remedy is available, and the trial court arbitrarily failed or refused to perform its duty.[3] An extraordinary writ will not be issued if the petitioner has another adequate and complete remedy at law to correct the act of the trial court that is alleged to be erroneous.[4] A petitioner who has an

---

[1] *State v. Lindsey*, 2002 WL 1463103 (Del. Super. May 21, 2002).
[2] *See Shah v. State*, 2003 WL 98784 (Del. Jan. 7, 2003).
[3] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).
[4] *Canaday v. Superior Court*, 116 A.2d 678, 682 (Del. 1955).

adequate remedy in the appellate process may not use the extraordinary writ process as a substitute for a properly filed appeal.[5]

(4)     In this case, Shah previously sought to withdraw his plea.  The Superior Court rejected his motion.  Shah did not appeal.  Having litigated the issue once, Shah may not use the writ process to attempt to argue the issue again.[6]  Moreover, Shah is unable establish a clear legal right to withdraw his guilty but mentally ill plea.

NOW, THEREFORE, IT IS ORDERED that Shah's petition for a writ of mandamus is DISMISSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[5] *Matushefske v. Herlihy*, 214 A.2d 883, 885 (Del. 1965).
[6] *See id.*

3