IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| IN THE MATTER OF THE | § | |
| PETITION OF GREG EL a/k/a | § | No. 209, 2017 |
| GREGORY L. TUCKER FOR A | § | |
| WRIT OF MANDAMUS | § | |

Submitted: July 6, 2017
Decided: July 12, 2017

Before **STRINE**, Chief Justice; **VALIHURA**, and **VAUGHN**, Justices.

## **O R D E R**

This 12th day of July 2017, it appears to the Court that:

(1) On May 19, 2017, Gregory El a/k/a Gregory L. Tucker ("Tucker") filed a document with this Court entitled Writ of Mandamus, which the Clerk of the Court docketed as a request for extraordinary relief under Supreme Court Rule 43. Tucker's writ asks this Court to void a judgment of the Superior Court, docketed April 19, 2017 in Civil Action No. N16L-03-181, granting summary judgment to the plaintiff LSF9 Master Participation Trust ("the Trust"), and against Tucker and his wife, in a mortgage foreclosure action. Arguably, Tucker's writ could be construed as an attempt to timely appeal the Superior Court's judgment in the mortgage foreclosure action.

(2) The Trust filed a response to Tucker's writ on July 6, 2017. The Trust does not address the jurisdictional requirements of a petition for extraordinary relief.

Instead, the Trust construes Tucker's writ as an opening brief on appeal and argues that the judgment of the Superior Court should be affirmed on its merits.

(3) Under Article IV, § 11 of the Delaware Constitution, this Court has limited jurisdiction to issue extraordinary writs.[1] The Court has the authority to issue a writ of mandamus only when the petitioner can demonstrate a clear right to the performance of a duty, no other adequate remedy is available, and the trial court arbitrarily failed or refused to perform its duty.[2] An extraordinary writ will not be issued if the petitioner has another adequate and complete remedy at law to correct the act of the trial court that is alleged to be erroneous.[3] In this case, Tucker clearly has an adequate remedy in the appellate process. Accordingly, his petition for a writ of mandamus must be dismissed.

(4) To the extent we construe this matter as Tucker's appeal from the Superior Court's April 19, 2017 judgment in C.A. No. N16L-03-181, we have considered the parties' respective positions carefully and have determined that the judgment below should be affirmed on the basis of, and for the reasons set forth in, the Superior Court's well-reasoned decision dated April 19, 2017.

---

[1] Del. Const. art. IV, § 11(6) (providing that the Supreme Court may issue "writs of prohibition, quo warranto, certiorari and mandamus").
[2] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).
[3] *Canaday v. Superior Court*, 116 A.2d 678, 682 (Del. 1955).

NOW, THEREFORE, IT IS ORDERED that the petition for a writ of mandamus is DISMISSED. Alternatively, the judgment of the Superior Court in C.A. No. N16L-03-181 is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice