ALFRED VICTOR DUPONT,
Defendant Below, Appellant,

*vs.*

DOROTHY ELIZABETH BARTON DUPONT,
Plaintiff Below, Appellee.

*Supreme Court, On Appeal, July 19, 1951.*

WOLCOTT and TUNNELL, Justices and TERRY, Judge, sitting.

*Arthur G. Logan* and *Samuel R. Russell,* of Logan, Marvel & Boggs, for appellant.

*James R. Morford,* of Morford, Bennethum, Marvel & Cooch, for appellee.

WOLCOTT, Justice, delivering the opinion of the court:

This is an appeal in an action instituted in the Court of Chancery by a wife seeking separate maintenance. The husband moved to dismiss the complaint for the reason, *inter alia,* that the Court of Chancery lacked jurisdiction over the subject matter. The court below denied the motion to dismiss.

This appeal is taken from the denial of the motion to dismiss. The appellee moved to dismiss the appeal on the ground that the order denying the motion to dismiss the complaint was a decretal order and, as such, not appealable under the constitutional provision allowing appeals from interlocutory decrees of the Court of Chancery.

This court's jurisdiction to hear appeals from Chancery is conferred by *Section 11, Article IV of the Constitution of 1897,* as amended, as follows:

"Section 11. The Supreme Court shall have jurisdiction as follows:
\* \* \* \* \* \*

"(4) To receive appeals from the Court of Chancery, and to determine finally all matters of appeal in the interlocutory or final decrees and other proceedings in Chancery."

The present constitutional provision is similar to the provisions providing for appeals from Chancery found in the *Constitutions of 1831 and 1792.* It was held in *Electrical Research Products, Inc., v. Vitaphone Corporation,* 20 *Del.Ch.* 417, 171 *A.* 738, that the provision of the *Constitution of 1897* is in substance the same as the provisions found in the *Constitutions of 1831 and 1792.* In *Tatem v. Gilpin,* 1 *Del.Ch.* 13, it was held that the provision of the *Constitution of 1792* respecting appeals from Chancery secured and did not enlarge that right of appeal. The *Vitaphone* case approved and followed the rule laid down in the *Tatem* case. These holdings mean that the right of appeal from Chancery in Delaware exists in the same manner and to the same extent to which the right of appeal to the House of Lords from the High Court of Chancery existed in Great Britain prior to the separation of the colonies.

The appeal now pending is from an order denying a motion to dismiss the complaint for lack of jurisdiction. Under the former practice of the Court of Chancery, such an objection would have been raised by demurrer. Under the present Chancery Rules, a motion to dismiss the complaint is the equivalent of the old practice of demurring to the bill. We have before us for determination, therefore, the narrow question of whether or not an appeal was formerly allowed from the overruling of a demurrer. If such appeals were allowed in Great Britain prior to the separation, then such appeals will be allowed by this court.

Chancery appellate practice in Great Britain prior to the separation permitted the taking of appeals from orders or decrees at any intermediate stage of the proceedings. When the order or decree sought to be appealed from had been entered by the Lord Chancellor, the only redress of the losing party was by petition for appeal to the House of Lords. If, on the other hand, the order or decree sought to be appealed from had been entered by the Master of the Rolls or the Vice Chancellor of England, the losing party, at his option, could proceed by petition for appeal to the Lord Chancellor, or by petition direct to the House of Lords. *Smith's Chancery Practice*, 39; *Maddock on Chancery*, 436; *Brown v. Higgs*, 8 *Ves.* 567, 32 *Eng.Repr.* 473; Note to *Omerod v. Hardman*, 5 *Ves.* 725, 31 *Eng.Repr.* 825. In principle there seems to have been no distinction between appeals from the Rolls to the Lord Chancellor and appeals from the Lord Chancellor to the House of Lords. All appeals were instituted by petition and all were subject to the same principles and limitations. The practice of permitting a rehearing before the Lord Chancellor of a decision at the Rolls was somewhat similar but was instituted by motion rather than by petition and permitted the offering of additional evidence.

Appeals from Chancery were allowed at any intermediate stage of the proceeding when legal rights had been established and, in this respect, differed from writs of error to the law courts since the latter could be had only after the

entry of final judgment. The reason for the permitting of intermediate appeals in Chancery was the possible saving of the expense involved in the further prosecuting of the suit. *Daniel's Chancery Practice, (1st Ed.)* 129.

Any intermediate or interlocutory order which established rights and which was not merely a procedural furtherance of the causé was appealable, including an order overruling a demurrer to the bill. *Lewis v. Cooper,* 10 *Beav.* 32 50 *Eng.Repr.* 493. An appeal from the overruling of a demurrer was not precluded by the amendment of the bill after the entry of the overruling order and, after notice of an appeal from an order overruling a demurrer, a complainant could not dismiss his bill upon payment of costs. *Daniel's Chancery Pleading & Practice, (4th Ed.)* 601; *Jackson v. North Wales Railway Company,* 13 *Jur.* 69 *L.C.; Ainslie v. Sims,* 17 *Beav.* 174, 51 *Eng.Repr.* 999; *Lewis v. Cooper, supra.*

From the cited authorities, it is obvious that, in Great Britain, appeals from Chancery were allowed from orders overruling demurrers when the effect of such orders was to establish legal rights and when unnecessary expense perhaps could be saved. Since the successive constitutions of this state have provided for the same right of appeal from Chancery, it follows that appeals from the overruling of demurrers or motions to dismiss will be allowed by this court if the same conditions are present.

It is true that in *Newlin v. Phillips,* 9 *Del.Ch.* 165, 80 *A.* 640, in a dictum, the Chancellor stated that appeals will not lie from orders overruling demurrers, but if the dictum was intended as it is stated it is too sweeping in its implications. Furthermore, in *Federal Mining & Smelting Co. v. Wittenberg,* 15 *Del.Ch.* 409, 138 *A.* 347, 55 *A.L.R.* 1, an appeal was allowed from an order overruling a demurrer to the bill. The right to maintain the appeal apparently was not questioned, but the practice in the *Wittenberg* case was in accord with the appellate practice which existed in Great Britain prior

to the *Delaware Constitution of* 1792. In the *Vitaphone* case, the language of the court's opinion is impliedly a disapproval of the dictum in the *Newlin* case and of approval of the practice followed in the *Wittenberg* case. In any event, we think that the allowing of appeals from the overruling of demurrers is satisfactorily established as proper Chancery appellate practice in Great Britain. If any doubt remained as to the existence of the right to appeal from the overruling of a demurrer in Great Britain, that doubt is dispelled by the *General Order in Chancery of 5th June,* 1725, allowing formal appeals from judgments pronounced in causes, or on exceptions, pleas or demurrers. See *Smith's Chancery Practice,* 36.

In view of the foregoing, we have concluded that the denial of a motion to dismiss a complaint may be an interlocutory decree within the meaning of *Article IV, Section* 11, *paragraph* (4) of the *Constitution of* 1897, and, as such, appealable, provided the denial has determined a substantial issue in the cause and established legal rights.

Appellee argues that the order appealed from in this instance established no legal rights since its effect was merely to recognize a long existing but unexercised field of jurisdiction of the Court of Chancery. This argument, however, we think fails to penetrate to the substance of the matter. We think the denial of the motion to dismiss the complaint has determined initially a substantial legal issue of the cause, viz., the appellee's right to institute her cause in the Court of Chancery.

If the motion to dismiss the present appeal is granted and the parties are returned to Chancery to indulge in expensive and prolonged litigation, nevertheless, the probability is that at some future time they again will be in this court seeking a review of the holding that the Court of Chancery has jurisdiction to hear this precise cause. If, however, the present appeal is allowed and the ultimate result should be a reversal of the holding of the court below, then the

cause would be brought to an end and the prospective expense of what appears to be the likelihood of prolonged litigation avoided. The present appeal seeks to have this holding reviewed before such expense becomes a fact. The motion to dismiss the appeal seeks to prevent this desirable end.

Under the circumstances, we have concluded that justice will be better served by the speedy review of the appellee's right to maintain an action for separate maintenance in the Court of Chancery, and that the present appeal should be allowed. In reaching this conclusion, we are mindful of the fact that the reason for permitting intermediate appeals in equity cases is primarily the saving of expense to the litigants, and of the fact that, stripped of legal niceties, the order below established basic rights and has resolved, temporarily at least, a troublesome legal issue in the cause.

The motion to dismiss the appeal is denied.

The appellant has moved for an order staying all proceedings in the court below until this appeal is determined. The motion for a stay is supported by an affidavit of counsel from which it appears that the appellee has filed below a motion for an order granting temporary support, maintenance and interim counsel fees and expenses. We have every right to assume, however, that the Chancellor will so conduct the proceedings before him as to protect the rights of the respective parties. We are not convinced that there is any present necessity for this court to interfere. The motion for a stay is, therefore, denied, without prejudice to the right of the appellant to renew such motion either in the Court of Chancery or in this court at some future time.