ALFRED VICTOR DUPONT,
Defendant below, Appellant,

*vs.*

DOROTHY ELIZABETH BARTON DUPONT,
Plaintiff below, Appellee.

*Supreme Court, On Appeal, February 27, 1952.*

WOLCOTT and TUNNELL, Justices, and TERRY, Judge, sitting.

*James R. Morford,* of Morford, Marvel, Bennethum and Cooch, for plaintiff.

*Arthur G. Logan* and *Stephen E. Hamilton, Jr.,* of Logan, Marvel and Boggs, for defendant.

TUNNELL, Justice, delivering the opinion of the court:

Although this cause has not yet come on for trial in the Court of Chancery, it has already been the subject of two opinions in this court. First, a motion to dismiss the appeal was denied. *duPont v. duPont, ante p.* 405, 82 *A.* 2d 376. Then a decision was rendered on the merits of the appeal, affirming the jurisdiction of the Court of Chancery to entertain an action brought solely for separate maintenance. *duPont v. duPont, ante p.* 413, 85 *A.* 2d 724. After the filing of the latter opinion, plaintiff's attorney moved for the allowance of expenses and reasonable attorneys' fees for services necessarily rendered to the plaintiff in this court. A motion of the defendant for reargument having in the meantime been denied without opinion, the cause would before now have been remanded to the Court of Chancery for trial had not this motion for "suit money" been interposed.

Both sides have filed affidavits in this court, the plaintiff asserting, and the defendant denying, the plaintiff's own inability to pay her counsel and her said expenses, and the defendant's affidavits going on also to assert that plaintiff should not be so assisted in any event because in a certain annulment case now on appeal to this court the plaintiff has committed perjury.

Plaintiff bases her right to recover suit money on alternative grounds, on the basis of the Delaware statutes and on the claimed inherent power of this court as well. Defendant denies that suit money is allowable on either theory and further asserts that this court as an appellate court has no jurisdiction to make such an allowance, it being in the nature of original action.

Some of these broad issues which counsel have sought

to raise must be dealt with in connection with a companion case between the same parties here on writ of error to the Superior Court, but two circumstances combine to make it unnecessary to advert to those troublesome problems in disposing of this particular application.

If the power rests in this court in any circumstances to make an allowance to a wife for her attorney's fees and expenses, there is no reason for its exercise here, where evidence on all the material issues is about to be heard by the Court of Chancery.

Further, it cannot be said that there is any necessity for this court, rather than the Court of Chancery, to make an allowance of suit money to the plaintiff in order to insure the quality of the plaintiff's representation here, because the proceedings in this court were ended before this motion for allowances was made. While technically it remained before us on a motion for re-argument for several days after the motion was filed, it was not necessary for the plaintiff's attorney to make any further argument in that connection or to submit any further briefs, and no such were made or submitted.

On the other hand, when the trial court considers the matter of fees and allowances to be made to the plaintiff, as it will probably be asked to do, if it should find that any such allowances should be made, it is entirely proper for that court to take into account the expenses and legal services in our court.

The plaintiff's motion for suit money in this court will be denied.