TRUSTEES OF THE NEW CASTLE COMMON, a corporation organized and existing under the laws of the State of Delaware,

*vs.*

ELVA S. GORDY and RALPH E. GORDY.

*Supreme Court, September 4, 1952.*

SOUTHERLAND, Chief Justice, TUNNELL, Justice, and HERRMANN, Judge, sitting.

*Edward W. Cooch, Jr.*, for plaintiff.

*Albert W. James*, of Hering, Morris, James & Hitchens, for defendants.

PER CURIAM.

The question certified concerns the power of Trustees of the New Castle Common, a corporation administering a charitable trust, to sell and convey certain land constituting a part of the corpus of the trust. The sole parties to the cause below are the corporation and the persons that have contracted to buy the land.

■ It is the general rule that in any suit involving the existence or administration of a charitable trust the Attorney General is usually a necessary party.

In *Story's Equity Pleadings*, Sec. 222, it is said:

"Hitherto we have spoken of cases, where private persons only are interested in the subject-matter of the suit. But the same principle is applicable to cases

where the Government itself is a party in interest. In all such cases, it is essential, that the Attorney-General, who is the proper public officer of the Government, should be made a party, either as plaintiff, or as defendant, to protect and assert the interests of the public. Hence it is, that in cases of public charities the Court always requires the Attorney-General to be made a party to the suit; because the Crown or Government, as *parens patriae*, superintends the administration of all charities, and must, in cases of this sort, act by its proper officer, who is the Attorney-General."

In *Volume* 1 *Daniell's Ch. Pl. and Pr.*, *p.* 137, it is said:

"Thus, the Attorney-General is a necessary party to all suits where the subject-matter is, either wholly or in part, money appropriated for general charitable purposes; because the Queen, as *parens patriae*, is supposed to superintend the administration of all charities, and acts in this behalf by her Attorney-General."

In *Jackson v. Phillips*, 96 *Mass.* 539, at *pages* 579, 580, Judge Gray, after referring to the duty to maintain the rights of the public as a duty vested in the commonwealth, exercised through the Attorney-General, said:

"It is upon this ground that, in a suit instituted by the trustees of a charity to obtain the instructions of the court, the attorney general should be made a party defendant, as he has been by order of the court in this case."

In *Orford Union Congregational Society v. West Congregational Society*, 55 *N.H.* 463, the court said:

"The case of the Attorney-General v. [Town of] Dublin, 38 N.H. 459, was originally commenced in the name of Abbot et al. as plaintiffs. A demurrer having been filed on the ground that the attorney-general should have been made a party, the bill was amended. The same objection, if taken here, would probably have been sustained, and the attorney-general must have been made a party, either plaintiff or defendant. It is obvious that the subject-matter of this suit being a public charity, no final and conclusive settlement can be made unless the state should be represented. Story's Eq. Pl., secs. 8, 49, 69, 222.

"It is clear that neither the town of Orford nor the societies have such an interest in the fund as gives them the power to settle anything conclusively in regard to it. The above-mentioned suit, which is reported as 'The Attorney-General, at the relation of Abbot et al., v. The Town of Dublin et al.,' is a conclusive authority on this point, the object of that suit being to settle the conflicting claims of different religious societies to a charitable fund given for religious purposes.

"Assuming that the amendment has been made, and that the attorney-general has become a party defendant, I shall proceed to examine the questions that arise in the case."

The question involved in the case was a dispute between two religious societies, each claiming the rents from certain lands left in charitable trust for the support of the ministry. They had effected a settlement as between themselves, but the court held the settlement invalid.

In *Rolfe & Rumford Asylum v. Lefebre*, 69 N.H. 238, 45 A. 1087, 1088, there was a petition to sell lands held in trust. The Attorney General had not been made a party. The court said:

" 'The subject-matter of the suit being a public charity, no final and conclusive settlement can be made unless the state should be represented. Story, Eq. Pl. §§ 8, 49, 69, 222.' Orford Union Cong. Soc. v. West Cong. Soc. of Orford, 55 N.H. 463, 467. This objection may be obviated by an amendment making the attorney general a party."

In *Bible Readers Aid Society v. Katzenbach*, 97 N.J.Eq. 416, 128 A. 628, a bill was brought by the Society and the Y. W. C. A. to discharge the Society as trustee of a charitable trust and to appoint the Y. W. C. A. as successor trustee. Vice Chancellor Buchanan said:

"The Attorney General is a necessary party because the trusts mentioned are public ones for charitable purposes, and the Attorney General, representing the public, is charged with the duty of caring for and protecting the same."

And see the annotation in 62 *A.L.R.* at *page* 887.

█ The instant case would seem to be one especially calling for the presence of the Attorney General since the interests of the parties (so far as appears from the record) are not really opposed. The suit is one for specific performance of a contract to sell real estate, and it is reasonable to suppose that both parties would like the title sustained.

This point has been raised by the court *ex mero motu*. Ordinarily argument would have been requested, but we think the matter admits of no doubt. In the light of the foregoing authorities, this court may not proceed to a determination of the question certified until the Attorney General shall have been made a party to the cause below and afforded an opportunity to be heard. Leave will be granted to the parties, or either of them, to take such further proceedings before the Court of Chancery as may be

appropriate for this purpose. This having been done, the record in this court should be supplemented accordingly. The Attorney General will then have leave to file a brief herein or take such other action as he may think proper. The cause in this court will be stayed until further order.