A. F. ADAMS, ALICE E. ADAMS and ALMERA ELECTRIC COMPANY,
a Delaware corporation,
Appellants,

*vs.*

CLEARANCE CORPORATION, a Delaware corporation, ALLEN S. CRANE, RANFORD DUNLAP, THEODORE S. GARY, G. L. GRAWOLS, F. S. SPRING, EMMETT SWANSON, E. C. BLOMEYER, C. S. CADWELL, A. E. CARLSON and V. E. CHANEY, said individuals as Voting Trustees of a certain Voting Trust Agreement dated April 1, 1954 covering voting stock of General and Telephone Investments, Inc., GENERAL AND TELEPHONE INVESTMENTS, INC., a Delaware corporation, and R. E. WILLIAMS,
Appellees.

*Supreme Court of Delaware, December 30, 1955.*

*John Van Brunt, Jr.,* of Killoran & Van Brunt, Wilmington (*Miller Walton,* of Walton, Lantaff, Schroeder, Atkins, Carson & Wahl, Miami, Fla., of counsel), for appellants.

*Thomas R. Mulroy,* of Hopkins, Sutter, Halls, Owen & Mulroy, Chicago, Ill. (*Richard F. Corroon,* of Berl, Potter & Anderson, Wilmington, with him on the brief), for appellees.

SOUTHERLAND, C. J., and WOLCOTT and BRAMHALL, JJ., sitting.

PER CURIAM : The question in this case is whether, on appeal from an order refusing a preliminary injunction, the appeal is moot because the act sought to be enjoined has since been consummated. Admittedly, the whole controversy is not moot, because the main issue is the validity of a voting trust, and the decision will govern the future voting of shares in the trust. It is urged, however, that the issue on this appeal is moot because injunctive relief is now impossible.

The circumstances are strikingly similar to those in *Martin v. American Potash & Chemical Corp.,* 33 Del.Ch. 234, 92 A.2d 295. Appellee admits that if the case at bar is not distinguishable his motion must be denied. In that case the court below had denied preliminary injunctive relief and in so doing had determined against the plaintiff a substantial question of law. The act sought to be enjoined was thereupon consummated. Since the order had established rights, it was appealable, and because of the obvious desirability of a prompt and final disposition of the legal question, the appeal was entertained although injunctive relief was no longer possible. This holding—possibly at variance with decisions in some other jurisdictions—is at bottom predicated on the policy in this State governing interlocutory appeals in Chancery, which is similar to the old English practice, and which is embodied in our Constitution, Art. IV, Sec. 11(4),

*Del.C.Ann.,* and announced in our decisions. See the discussion in *du Pont v. du Pont,* 32 *Del.Ch.* 405, 82 *A.2d* 376. The attempted distinction between the *American Potash* case and the case at bar we cannot follow. Here, the Vice Chancellor in denying relief resolved against the plaintiff substantial issues of law. Again, as in the *American Potash* case, there are both legal and factual issues involved, but the necessity of final hearing on the factual issues does not preclude a prompt disposition on appeal of the questions of law. We think the holding of the *American Potash* case is controlling.

The motion is denied.