THE AMERICAN INSURANCE COMPANY, Defendant Below, Appellant, v. SYNVAR CORPORATION, et al., Plaintiffs Below, Appellees.

*(April* 3, 1964.)

TERRY, C. J., WOLCOTT and CAREY, J. J., sitting.

*William Prickett* (of Prickett and Prickett) for appellant.

*Samuel R. Russell* (of Herrmann, Bayard, Brill and Russell) for appellees.

Supreme Court of the State of Delaware, No. 82, 1963.

WOLCOTT, Justice.

This is an appeal by the defendant from an order of the Superior Court prohibiting the taking of a deposition of an expert witness hired by the plaintiff. The plaintiff moved to dismiss the appeal on the ground that the order appealed from is nonappealable, but also answered the appeal on the merits.

A brief statement of the nature of the action is necessary to a determination of the question. The action is one for a declaratory judgment. It seeks a declaration of the rights of the plaintiff under a policy of insurance written by the defendant.

The facts are that on November 8, 1960 the premises of the plaintiff were damaged severely by a fire and explosion or, as contended by the defendant, an explosion followed by a fire, in the course of which numerous injuries to others were caused. Suits have been brought against the plaintiff as a result of these injuries. The defendant has refused to defend these suits under the policy in question.

Immediately following the occurrence plaintiff notified the defendant of the fire and explosion. The defendant promptly sent its representative to investigate and inspect the premises of plaintiff's plant and to interview those who claimed damages from the plaintiff.

On or about November 23, 1960 defendant's local agent advised the plaintiff that the defendant denied coverage under the policy of insurance with respect to any claim which might be asserted against the plaintiff. This disclaimer was confirmed by letter dated November 28, 1960. The reason assigned was that the injuries were

caused initially by an explosion which was not a covered risk under the policy.

On December 1, 1960, plaintiff retained the services of an expert in the field of explosives for the purpose of ascertaining the precise cause of the fire and explosion which had occurred on November 8, 1960. Plaintiff desired the opinion of an expert, first, in order to obtain information to aid in avoiding any similar disaster in the future and, second, to furnish such opinion to its attorneys for use in prospective litigation in which the plaintiff knew it would be involved as a consequence of the November 8, 1960 event.

Defendant noticed the taking of the deposition of plaintiff's expert and plaintiff moved for a protective order to prevent the taking of such a deposition. The Superior Court entered an order preventing defendant from taking the deposition of plaintiff's expert.

In opposition to plaintiff's motion for a protective order defendant filed the affidavit of an expert in the field of explosives. In his deposition the expert alleges that he is acquainted with the basic facts of the occurrence on November 8, 1960, but that it is difficult to state with certainty the cause of the occurrence without knowledge of certain facts concerning it. It is further alleged that such facts can be obtained only by experts in the explosive field who are able to make an examination of the site at a time closely following the explosion and that, in his opinion, a present examination of the premises would not obtain facts sufficient to determine with certainty the cause of the explosion.

Based upon this affidavit, defendant argues that it is necessary in order for it to prepare its defense in the pending action to learn such facts from the plaintiff's ex-

pert witness. Parenthetically, it is to be noted that no allegation is made that plaintiff's expert, who could not have examined the premises prior to December 1, 1960, has the particular facts referred to in the affidavit in hand.

Defendant has moved to dismiss the appeal on the ground that it is taken from an interlocutory order of a procedural of this Court to review matters in the Superior Court in accordance with Article IV, § 11(1) (a) of the Constitution, *Del. C.* has been:

"To receive appeals from the Superior Court in civil causes and to determine finally all matters of appeal in the interlocutory or final judgments and other proceedings of said Superior Court in civil causes; *   *   * "

By the amendment of 1960 the appellate jurisdiction of this Court over causes in the Superior Court has been made the same as that heretofore exercised by this Court in appeals from the Court of Chancery by reason of Article IV, § 11(4) of the Constitution.

Admittedly, this is an appeal from an interlocutory order. This rule is well settled with respect to appeals from interlocutory orders in Chancery, and is equally applicable now to such appeals from the Superior Court that such an order is appealable only if it determines a substantial legal issue and establishes rights. However, no appeal from an interlocutory order will lie if such order is discretionary and preliminary, or does nothing more than preserve the status quo or forward the cause procedurally. If such an interlocutory order is not determinative of substantive rights, it is not appealable. *Wilmington Trust Co. v. Pennsylvania Co.*, Del. 172 A.2d 63; *Martin v. American Potash & Chemical Corp.*, 33 Del. Ch. 234, 92 A.2d 295, 35 A.L.R.2d 1140; *Sterling Drug, Inc. v. City Bank Farmers Trust Co.*, Del., 154 A.2d 156; *du-*

*Pont v. duPont,* 32 Del. Ch. 405, 82 A.2d 376.

It seems to us that the order denying the right of the defendant to take the deposition of plaintiff's expert witness has not settled any substantive right or issue in the cause. We are of the opinion, therefore, that this appeal should be dismissed.

However, since the parties have briefed and argued the merits, we will refer briefly to them for the future guidance of the trial courts.

We think it clear that Rule 26(b) of the Superior Court, *Del. C.* governing the taking of depositions of a witness of an adverse party, and Rule 30(b) of the Superior Court providing for the entry of protective orders either limiting or prohibiting the taking of such depositions, clearly place within the field of discretion of the trial judge the entry of appropriate orders under said rules. We think the trial judge, in the exercise of his discretion in denying the taking of the deposition determined two things: (1) that the testimony of an expert witness obtained for the purpose of trial and for the assistance of the party's attorney is privileged and may not be inquired into on deposition, and (2) that the defendant had shown no good cause for the necessity of taking the deposition in question.

Even if the order in question is determined to be appealable, it would be appealable solely on the ground of an abuse of discretion on the part of the trial judge. This being so, of necessity, we would have to affirm because, after a consideration of the record, we are of the opinion that there has been no abuse of discretion on his part.

In the first place, it is not clear from the affidavit submitted by defendant's expert that he does not have in his

possession knowledge of the particular facts in question he seeks to elicit from the plaintiff's expert. Reading it in its most favorable light to the defendant, it appears solely that in order to form an expert judgment as to the cause of the fire and explosion in question it is necessary to have knowledge of certain basic facts which can be ascertained only by an inspection of the premises shortly after the occurrence. There is no allegation that such facts are not known to defendant's expert.

We point out that from November 8, 1960 to November 23, 1960, the date of disclaimer of liability, agents of the defendant inspected the premises. Who these agents were is not stated. It may have been that among them were qualified experts in the field of explosives. Certainly, if there were none it was incumbent upon the defendant to so allege.

Furthermore, we note that plaintiff's expert was not retained until after December 1, 1960, and, thus, presumably would have no knowledge of these basic facts ascertainable only by an inspection soon after the occurrence.

These matters, it seems to us, justified the trial judge, in his discretion, to refuse the taking of the deposition in question.

[7] Furthermore, we point out that there is, to say the least, considerable doubt as to the right of an adversary to examine on pre-trial discovery an expert witness retained by his opponent. Defendant argues to the contrary, citing a number of Federal decisions decided under the Federal rules and, also, the treatise of Professor Moore on Federal Practice. The subject is covered in 4 Moore's Federal Practice, 2nd Ed., ¶ 26.24, pages 1523 to 1536.

A reading of the referred-to portion of Moore's

treatise indicates clearly that the Federal rule which permits the examination of the expert witness of an adversary on pre-trial deposition is based squarely upon the decision of the Supreme Court of the United States in *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451.

We point out, however, that the rule of *Hickman v. Taylor*, permitting the examination of expert witnesses and the production of statements obtained for the benefit of counsel, has never been the law of this state. On the contrary, this part of the rule of *Hickman v. Taylor* has been expressly rejected by the courts of this state. *Graham v. Allis-Chalmers Manufacturing Co.*, Del., 188 A.2d 125.

On either of the two grounds, therefore, the trial judge must be sustained—upon the first ground as a matter of the proper exercise of his discretion, and on the second ground as a matter of law.

For the foregoing reasons the appeal is dismissed.