**Josiah Marvel SCOTT, Defendant Below, Appellant,**

v.

**Jerry KAY, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Feb. 24, 1967.

Richard L. Sutton, of Morris, Nichols, Arsht & Tunnell, Wilmington, for appellant.

Ben T. Castle, of Young, Conaway, Stargatt & Taylor, Wilmington, for appellee.

WOLCOTT, C. J., CAREY and HERRMANN, JJ., sitting.

CAREY, Justice.

The defendant below asks us to reverse a ruling of the Superior Court which denied his application to dismiss, or alternatively to stay, the action below. The suit was brought upon four promissory notes signed by appellant and three other individuals. All obligors were joined as defendants but service was made only upon appellant, the other three defendants being non-residents of Delaware. For the present purposes, counsel agree that the notes created a joint, and not a several, obligation.

Appellant's theory is that the suit cannot be prosecuted against him alone and must therefore be dismissed; in the alternative, he urges that it should be either dismissed or stayed as an exercise of discretion. Appellee takes issue with those contentions. He has also moved for dismissal of this appeal upon the ground that the order is not the kind of interlocutory order which is appealable.

I

We first consider the motion to dismiss. In several instances, we have pointed out that an appeal from an interlocutory order will lie when that order settles a substantial right. Wagner v. Shanks, Del., 194 A.2d 701; American Ins. Co. v. Synvar Corp., Del., 199 A.2d 755; Hessler, Inc. v. Farrell, Del., 226 A.2d 708. Contrary to appellee's contention, we think the ruling below on appellant's first ground of appeal does determine a substantial right; it holds that a suit may be prosecuted

against one joint obligor, if his fellow obligors are beyond the reach of the Court's process. If we should find that holding to be wrong, the suit would be ended. DuPont v. DuPont, 32 Del.Ch. 405, 82 A.2d 376. Since the motion to dismiss must be denied for the foregoing reason, we will express our views as to the second ground without pausing to consider whether it, standing alone, would be appealable. The motion to dismiss must be denied.

## II

■ We turn to the merits, first considering whether the action may be prosecuted against appellant in the absence of the other obligors who are beyond the Court's reach. The rule followed in most jurisdictions is thus stated in Restatement of Contracts § 117:

"Each person bound by a joint promise is bound for the whole performance thereof, but by making appropriate objection can prevent recovery of judgment against him unless there are joined as defendants all promisors who were originally jointly bound with him, except such of them as are at the time of suit dead or beyond the jurisdiction of the court."

The reason for the exception concerning absent parties was stated in Field v. Layton & Layton, 16 Del.Ch. 135, 141 A. 818; it exists because an obligee would otherwise be unable to find a forum in which his rights could be enforced. We are satisfied that the rule of the Restatement is the law in Delaware. It was so recognized many years ago by the Court of Errors and Appeals (then the highest Court of this State) in Reybold v. Parker, 7 Houst. 526, 32 A. 981 reversing 6 Houst. 544.* See also 1 Woolley on Delaware Practice § 158. No reported case in this State has held to the contrary.

■ But, argues appellant, even if such was the law prior to February 12th, 1953,

it was changed on that date by the adoption of Superior Court Rule 19. The new rules adopted at that time for the Superior Court were "borrowed" from the Federal rules, but with a number of modifications. Rule 19(a) is substantially the same as the Federal rule of the same designation as it then stood, but parts (b) and (c) of the Federal rule were not adopted here. Federal Rule 19(b) dealt with the effect of a failure to join parties who are not indispensable; it permitted the Court to proceed with the case without their joinder if they are not amenable to the Court's process, although no judgment entered would affect the absent parties. Rule 19(c) required the plaintiff to state the names of those not joined and to show why they were omitted. Appellant argues that, by adopting sub-division (a) and omitting (b) and (c), the intent was to change the Delaware law, i. e., it is now required that all joint obligors not only be named parties but also be legally in Court in order for the case to proceed to judgment. If it were intended to make a change of this important nature, which could seriously impair the rights of an obligee, we would have expected it to be done by express language, rather than by leaving it to be inferred from mere silence. We think no such inference should be drawn if there is any other reasonable explanation for the omission. The Court below held, correctly in our opinion, that there is another reasonable explanation, that is, the drafters of the new rules considered our established procedure adequate and saw no reason to change it.

Most of the content of Federal Rule 19 (b) came from a statute. 3 Moore's Fed. Practice § 19.01. The drafters of our rules may reasonably have thought that its subject matter exceeds the proper scope of rules of practice and enters the field of substantive law. If that be true, the provision might well be beyond the Superior Court's rule-making power. 10 Del.C. § 561. One change would have been made in our prac-

---

\* We do not mean to indicate approval or disapproval of certain other holdings in this case. See the comments concerning it in Field v. Layton & Layton, supra.

tice by the adoption of 19(c), which would have eliminated the necessity of naming the absent obligors as parties if the plaintiff files an affidavit stating why they were not joined. We believe the drafters omitted this section because they felt there was no particular advantage in this slight change in our practice.

■ In arguing that all joint obligors must be parties defendant and "in Court", appellant notes that this Court ordered a dismissal in Carlisle v. Delaware Trust Co., 34 Del.Ch. 133, 99 A.2d 764, for failure to join a necessary party. The issue in that case concerned the existence of a charitable trust and the Attorney General was not a party to the suit. This Court described him as a "necessary" party. It is quite clear that the word "necessary" was there used in the sense of "absolutely necessary" or "indispensable", rather than "conditionally necessary" (conditioned upon the jurisdiction of the Court) which is the meaning of "necessary" as used in the rules. 3 Moore on Federal Practice § 19.02. Reference in Carlisle, supra, to the earlier case of Trustees of New Castle Common v. Gordy, 33 Del.Ch. 196, 91 A.2d 135, makes this plain; it was there held that a Court can usually make no final and binding order concerning the existence or administration of a charitable trust unless the State, through its Attorney General, is given the opportunity to be heard. Under the law as we find it, a joint obligor is a conditionally necessary party and a Court is not necessarily barred from proceeding with the case solely because some of the obligors are absent and are non-residents who cannot be served. Of course, in a given case, other reasons might exist making it impossible or improper for the Court to proceed.

### III

■ Appellant's request that the case be dismissed or stayed as a discretionary matter was treated by the Court below as a prayer to apply the doctrine of forum non conveniens. The Court declined to grant that relief, citing several authorities which dealt with that doctrine. Appellant now suggests that the Court apparently thought mistakenly that it could act only under that doctrine and that it could not be applied unless another prior action was pending. We ignore the matter of nomenclature because any power to grant this form of relief is discretionary and the forum non conveniens doctrine is itself a discretionary rule. 20 Am.Jur.2d 511, etc. It seems clear that the trial Court was fully aware of this, and that its conclusion was an exercise of its discretion based upon its appraisal of the facts before it. Our only function is to determine whether the Court abused its discretion.

The points relied upon by appellant were these: The substantive rights of the parties will be determined not by the law of Delaware but by that of some other jurisdiction, perhaps New York; appellant will voluntarily appear in a suit brought in New York; two other obligors, one of whom lives in Massachusetts and the other of whom has an office in New York, have informed appellant that they will voluntarily appear in a New York suit; the fourth obligor lives in New York State; if this case proceeds to judgment against appellant, he will then be obliged to seek contribution from the others in some other forum, whereas by a suit in New York the whole matter could be settled in a single case. Appellee countered with these contentions: The law applicable to the parties' rights may be that of New Jersey rather than New York and in any event, this fact alone is insufficient to justify the relief sought; there is nothing in the record which binds anyone other than appellant himself to appear voluntarily in a New York action; there is no action now pending in New York; appellee's rights, including his choice of forum, should not be disturbed because of the mere fact that appellant may ultimately want to seek contribution elsewhere, since that risk is one which he assumed by becoming a joint obligor.

These respective contentions were weighed by the Court, which exercised its discretion in appellee's favor. It will suffice here to say that we can find no abuse of discretion in that ruling.

The order entered below will be affirmed.