BEATRICE D. PHILLIPS and JOHN H. PHILLIPS, JR.,
Defendants Below,
Appellants,

*vs.*

LIBERTY MUTUAL INSURANCE COMPANY, a corporation of the
State of Massachusetts, Plaintiff Below,
Appellee.

*Supreme Court, On Appeal, July 13, 1967.*

*William Prickett,* of Prickett, Ward, Burt & Sanders, Wilmington, for appellee.

*Clement C. Wood,* of Allmond & Wood, Wilmington, for appellants.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice: Appellee has moved to dismiss this appeal from an interlocutory order of the Vice Chancellor on the ground that the order is not appealable.

Appeals from an interlocutory order will be allowed only if the order appealed from determines substantial legal issues and establishes rights. *Wilmington Trust Co. v. Pennsylvania Co.,* 40 *Del.Ch.* 1, 172 *A.2d* 63. The motion to dismiss, therefore, raises the question of whether or not the order appealed from decides any substantial legal issue, or is merely an order designed to forward the cause procedurally. *American Insurance Co. v. Synvar Corp., Del.,* 199 *A.2d* 755.

This litigation arises as a result of a gas explosion in the home of the Phillipses, severely injuring Mrs. Phillips and destroying the home. Ultimately, the Phillipses secured a substantial judgment against the gas company in the Superior Court. Liberty Mutual Insurance Company was the company's liability insurer and sought to pay the judgment less an amount paid by its affiliate, Liberty Mutual Fire Insurance Company, to the Phillipses under a fire insurance policy written by it. The Phillipses refused the offer and demanded payment in full.

Thereupon, Liberty Mutual Insurance Company, fearing that execution would issue on the judgment, commenced this action in Chancery naming as defendants the Phillipses and all parties claiming by subrogation any part of the amount recovered, and seeking to restrain the issuance of execution process by the Phillipses and to deposit the amount of the judgment in the registry of the Court of Chancery. A preliminary injunction was entered with the consent of the Phillipses and the total amount was deposited.

The Phillipses answered and moved to dismiss the action for lack of jurisdiction. The Vice Chancellor denied the motion.

The Vice Chancellor's order upholding the jurisdiction of the Court of Chancery over this cause was based partially, at least, on the conception that Liberty Mutual Insurance Company was a mere stakeholder. The argument made by the Phillipses was to the effect that the face of the complaint showed that it was not in fact a stakeholder but was in fact a judgment debtor with the sole obligation of paying the judgment. Furthermore, it was argued that in attempting to enforce alleged rights of subrogation on behalf of Liberty Mutual Fire Insurance Company, it has taken a position inconsistent with that of an impartial stakeholder, which is necessary in order to support an action of interpleader.

We think this phase of the order determined a substantial legal issue and is therefore appealable. An order, even though interlocutory, upholding the jurisdiction of the Court over the objection of the losing party, ordinarily is appealable since a substantial legal issue, *viz.*, jurisdiction, has been determined. *DuPont v. DuPont*, 32 *Del.Ch.* 405, 82 *A.2d* 376.

The order appealed from also dismissed Liberty Mutual Insurance Company as party plaintiff and directed that Liberty Mutual Fire Insurance Company, previously named as a defendant, be realigned as the party plaintiff. The Phillipses in their motion to dismiss also argued that the action should be dismissed because the original plaintiff was not the real party in interest as required by Chancery Rule 17, *Del.C.Ann.* We think the realignment of parties might well have determined a substantial right of the Phillipses, *viz.*,

the right to be sued by the real party in interest. This is so because the realignment may bear directly upon the question of Chancery jurisdiction over this cause. This portion of the order is therefore appealable.

We accordingly deny the motion to dismiss the appeal but we will limit our review at this juncture to the two questions discussed above. Because the other points sought to be raised by the Phillipses do not involve substantial legal issues or rights, we will not hear arguments as to them, with one exception hereinafter mentioned.

Because of its immediate interest to the Phillipses in the defense of this action, we will permit argument on that portion of the Vice Chancellor's order which requires the litigants to obtain other counsel if present counsel are required to testify at the trial. Counsel for the Phillipses has already been noticed to have his deposition taken. If this portion of the order remains in force, obviously, the Phillipses will be put to additional trial expense and will lose the valuable knowledge of their present counsel who has been involved in the litigation from the beginning. For that reason, we think that portion of the order below should be reviewed at this stage.