**Jerry KAY, Plaintiff Below, Appellant,**

**v.**

**Josiah Marvel SCOTT, Defendant Below, Appellee.**

Supreme Court of Delaware.

July 27, 1967.

Ben T. Castle, of Young, Conaway, Stargatt & Taylor, Wilmington, for plaintiff below, appellant.

Andrew B. Kirkpatrick, Jr., and Richard L. Sutton, of Morris, Nichols, Arsht & Tunnell, Wilmington, for defendant below, appellee.

WOLCOTT, C. J.; HERRMANN, J., and SHORT, Vice Chancellor, sitting.

**PER CURIAM:**

The determinative question before us is whether there has been a sufficient change of factual situation to warrant the grant of a stay by the Superior Court in the exercise of its discretion, the earlier denial thereof, affirmed by this Court,[1] notwithstanding.

The Superior Court denied a stay on July 12, 1966. That action was affirmed by this Court on February 24, 1967. Upon a second application, the Superior Court granted a stay on April 5, 1967.

In the interim between July 12, 1966 and April 5, 1967, the following occurred:

The United States District Court for the District of Delaware ordered stayed the action brought in that Court on the related promissory notes until the plaintiffs therein could demonstrate that they were unable to sue effectively all the joint obligors in New York. As the result of that order, the plaintiffs in the Federal case commenced an action on their notes in the Supreme Court of New York for Nassau County. All of the co-obligors have appeared in the New York action. No such action was pending at the time of the Superior Court's denial of a stay in July 1966.

Thus, the pertinent facts had materially and substantially changed when, in April 1967, the Superior Court took up the second application for a stay now before us for review. In the light of such change of circumstances, the Superior Court found "it would be more equitable at this time that Plaintiff undertake to proceed in New York rather than in this action" and stayed further proceedings in this action until September 1, 1967, with instructions to the plaintiff to intervene in the New York action, but with leave to either party to seek further consideration of the stay "in the light of Plaintiff's success in intervening in the New York action."

1. See Scott v. Kay, Del., 227 A.2d 572 (1967).

It is our opinion that, in view of the aforementioned change of facts, (1) the Superior Court was not bound by the prior decisions herein as the law of the case; and (2) the grant of a stay, upon the conditions stated, was reasonable and did not constitute an abuse of discretion by the Superior Court.

Accordingly, the judgment below is affirmed.