The **EQUITABLE LIFE ASSURANCE SOCIETY OF the U. S., Defendant Below, Appellant,**

v.

**YOUNG & REVEL, INC., Plaintiff Below, Appellee, and Vera Ann Revel, Movant Below, Appellee.**

Supreme Court of Delaware.

Feb. 4, 1969.

Michael D. Goldman, of Potter, Anderson & Corroon, Wilmington, for defendant below, appellant.

George Tyler Coulson, of Morris, Nichols, Arsht & Tunnell, Wilmington, for movant and plaintiff below, appellees.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

CAREY, Justice:

In this appeal, The Equitable Life Assurance Society of the U.S. (Equitable), defendant below, seeks the reversal of an order of the Superior Court quashing a subpoena *duces tecum* served upon Vera Ann Revel, movant below.

The plaintiff below, Young & Revel, Inc., carried two insurance policies with Equi-

table on the life of its president, G. Thomas Revel, Jr. This action was brought to recover the amount allegedly due under the double indemnity provision of the policies. Mr. Revel died in a swimming pool on August 5, 1967, and was buried four days later. Plaintiff contends that he drowned accidentally. Equitable's agent, when informed of the death on August 7, 1967, indicated that an investigation to determine the cause of death would probably be necessary because of the double indemnity provision. On October 20, 1967, Equitable requested permission to exhume the body and perform an autopsy, but this permission was refused by Mrs. Revel.

This suit was instituted on May 5, 1968; thereafter, pursuant to Superior Court Rule 45(d), Del.C.Ann., Equitable caused to be issued a subpoena *duces tecum* to Mrs. Revel, demanding that she produce the body for an autopsy. She promptly moved to quash the subpoena, and the Superior Court granted that motion. Equitable has appealed from that order and Mrs. Revel has moved to dismiss the appeal.

Three questions have been discussed in the briefs. These are: (1) Is the order entered below appealable; (2) May a subpoena *duces tecum* be utilized to obtain an autopsy; and (3) Did the Superior Court err in denying permission for the autopsy? We decide only the first and third questions.

I

We disagree with appellees' contention that the order of the Superior Court is not appealable. An appeal will lie from an interlocutory order which determines a substantial issue and establishes rights. Walsh v. Hotel Corporation of America, Del., 231 A.2d 458; American Insurance Company v. Synvar Corporation, Del., 199 A.2d 755. The policies issued to the plaintiff below contained a provision that the company "shall, in the absence of legal prohibition, have the right and opportunity to make an autopsy." The Superior Court de-

cided that Equitable could not, in the present case, enforce this provision of the policies. The decision, in our opinion, determines a substantial legal issue and establishes rights. The motion to dismiss the appeal will accordingly be denied.

II

In the briefs before us, counsel are in agreement that the law pertaining to minimal standards for securing an autopsy is correctly set forth in McCulloch v. Mutual Life Ins. Co. of New York, 4 Cir., 109 F.2d 866. In that case, the Court used the following language:

"While it is difficult to lay down a rule generally applicable under all circumstances, it is safe to say that two conditions at least must concur to justify an autopsy after burial. It must appear that through no fault of the insurer it was impracticable to demand and perform the autopsy before interment, and secondly it must be reasonably certain that an examination of the body will reveal something bearing on the rights of the parties which could not otherwise be discovered."

In Petition of Sheffield Farms Company, 22 N.J. 548, 126 A.2d 886, after pointing out that the power to disturb a dead body should not be exercised unless it be clearly shown that good cause and urgent necessity exist, Chief Justice Vanderbilt said:

"In the search for the truth we must not disregard the problems of religion, the wishes of the decedent, the sensitivities of loved ones and friends, or even the elements of public health and welfare; see R.S. 26:6–37, N.J.S.A. The law, then, will not reach into the grave in search of 'the facts' except in the rarest of cases, and not even then unless it is clearly necessary and there is reasonable probability that such a violation of the sepulchre will establish what is sought."

The Court below held that the original demand for an autopsy, about ten weeks after the burial, was not made within

a reasonable time in view of all of the circumstances, and that the record does not show that the cause of death will necessarily be determined by the proposed autopsy. Our examination of the record convinces us that the Court below did not abuse its discretion in making the second finding and we need not, therefore, consider the first reason.

The only information presently unknown, but which might possibly be disclosed by an autopsy, is the existence of some cause or contributory cause of Mr. Revel's death other than drowning. Nothing in the record suggests any possible causes except drowning or heart disease. The appellant has introduced affidavits of two well-known pathologists in support of its application. They indicate that, if the body was properly embalmed, an autopsy "may" or "could" show whether the deceased had heart disease or died of a heart attack. Such affidavits do not meet the requirements of the *McCulloch* case, *supra*, because they do not make it reasonably certain that the autopsy will establish the cause of death or even the existence of heart disease.

The order of the Court below will be affirmed.