### RHONE–POULENC BASIC CHEMICALS CO., a Delaware corporation, Defendant Below, Appellant,

v.

### AMERICAN MOTORISTS INSURANCE CO., Plaintiff Below, Appellee.

Supreme Court of Delaware.

Submitted: March 4, 1992.
Decided: March 11, 1992.[1]

Thomas R. Hunt, Jr. of Morris, Nichols, Arsht & Tunnell, Wilmington, for appellant.

Robert K. Beste of Biggs & Battaglia, Wilmington, for appellee.

Before HORSEY, MOORE and HOLLAND, JJ.

HOLLAND, Justice:

The defendant-appellant, Rhone–Poulenc Basic Chemicals Co. ("RPBC"), has petitioned this Court to accept an appeal from interlocutory orders of the Superior Court of the State of Delaware, in and for New Castle County, in Civil Action No. 87C–SE–11–1–CV. The interlocutory orders were entered on January 16, 1992 and January 31, 1992. The January 31, 1992 order denied RPBC's motion for reconsideration of Section 5.B. of the January 16, 1992 order.

The plaintiffs in the Superior Court sought a declaratory judgment that they were not obligated under their respective comprehensive general liability policies to defend or indemnify RPBC in three law suits which alleged environmental damage, resulting in part from RPBC's disposal of waste at Tybouts Corner landfill ("Tybouts Corner") in New Castle, Delaware. In Section 5.B. of the January 16 order, the Superior Court granted the motion of American Motorists Insurance Company ("AMICO") for summary judgment on the duty to in-

---

1. This decision was originally issued as an order. Supr.Ct.R. 17.

demnify RPBC "insofar as it seeks judgment that AMICO is not obligated to indemnify [RPBC] in the *USA* and *Wagner* actions for [the cost of measures taken or to be taken in order to prevent the further release of contaminants from Tybouts.]"

RPBC contends that certification of this interlocutory appeal is appropriate, pursuant to Supreme Court Rule 42(b), because Section 5.B. of the January 16 order: (1) determines a substantial issue; (2) established AMICO's legal right to deny coverage for indemnification; (3) involves a question of law of first instance in this State; and because (4) review of the interlocutory order will serve considerations of justice and judicial economy. *See* Supr. Ct.R. 42.

RPBC is correct in its assertion that, for certification of an interlocutory order, Supreme Court Rule 42(b) requires that the order determine a substantial issue. According to RPBC, in Section 5.B. of the January 16 order, the Superior Court resolved a substantial issue, *i.e.*, that AMICO may enforce its "reasonable steps" provision, contained in the "Conditions" section of the insurance policies, as an exclusion to coverage for "damages" otherwise covered. *See State Farm Mutual Ins. Co. v. Abramowicz*, Del.Supr., 386 A.2d 670 (1978).

RPBC is also correct that a second requirement for certification of an interlocutory appeal pursuant to Supreme Court Rule 42(b) is that the order establish a legal right. RPBC argues that Section 5.B. of the January 16 order not only determined that AMICO could enforce its "reasonable steps" provision as an exclusion to otherwise covered "damages" but also established AMICO's legal right (and entered summary judgment accordingly) to deny coverage to RPBC for damages incurred by RPBC in the underlying *USA* and *Wagner* actions, if such damages reflect "the cost of measures taken or to be taken in order to prevent the further release of contaminants from Tybouts." *See Equitable Life Assurance Soc'y of the United States v. Young & Revel, Inc.*, Del.Supr., 250 A.2d

509 (1969); *Phillips v. Liberty Mut. Ins. Corp.*, Del.Supr., 232 A.2d 101 (1967).

Supreme Court Rule 42(b) requires not only that the interlocutory order determine a substantial issue and establish a legal right, but also that it meet one or more of the criteria set forth in Supreme Court Rule 42(b)(i) through (v). Supreme Court Rule 42(b)(i) incorporates by reference "the criteria applicable to proceedings for certification of questions of law set forth in Rule 41." Supr.Ct.R. 42(b)(i). According to RPBC, Section 5.B. of the January 16 order satisfies the criterion of Supreme Court Rule 41(b)(i), which provides for certification of a question of law if "[t]he question of law is of first instance in this State." Supr.Ct.R. 41(b)(i). The parties are in apparent agreement that Section 5.B. of the Superior Court's January 16, 1992 order involves a question of law of first instance in this State.

Supreme Court Rule 42(b)(v) also provides that certification is appropriate if "[a] review of the interlocutory order may terminate the litigation or may otherwise serve considerations of justice." Supr. Ct.R. 42(b)(v). RPBC represents that review by this Court, at this time, will serve the interests of justice and judicial economy because there are approximately twenty other environmental insurance actions presently pending in the state and federal courts of Delaware.

The Superior Court has granted RPBC's request to certify its application to take an interlocutory appeal. The Superior Court concluded that its orders determined substantial issues, established legal rights, and involved a determination of a question of law of first instance in this State. We agree.

However, the procedural posture of this case is somewhat unique. When this Court exercises its discretion to hear an appeal from an interlocutory judgment, the pendency of such a proceeding "does not operate as an automatic stay" of further action by the trial court. Supr.Ct.R. 42(e). In fact, RPBC has elected to pursue independent alternative requests for relief from the Superior Court's interlocutory judg-

ment in this Court and in the Superior Court. The Superior Court currently has a motion for relief from the same interlocutory judgment under advisement. *See* Super.Ct.Civ.R. 60(b); *Richards v. Hamon,* Del.Supr., 178 A.2d 140 (1962). In certifying this interlocutory appeal, the Superior Court has recognized that its action upon the motion for relief from the interlocutory judgment may render this interlocutory appeal moot.

As a general rule, this Court does not opine upon the merits of a controversy that has become moot. *McDermott, Inc. v. Lewis,* Del.Supr., 531 A.2d 206 (1987). Therefore, it is incumbent upon the parties to promptly notify this Court when the Superior Court rules upon the motion for relief from the interlocutory judgment during the pendency of this interlocutory appeal. In the interest of judicial economy, the Superior Court should make every effort to rule upon the motion before it, prior to the time that the briefing in this Court is completed.

NOW, THEREFORE, in the exercise of this Court's discretion, IT IS HEREBY ORDERED that the interlocutory appeal is ACCEPTED.