**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

|  |  |  |
|---|---|---|
| AUTO EQUITY LOANS OF DELAWARE LLC, and DAVID LEVI, | ) ) ) ) ) | |
| Petitioners Below, Appellant, | ) ) | C.A. No.: N21A-01-004 FJJ |
| v. | ) ) | |
| JOSEPH BAIRD, ALTON GRIFFIN and JEANNINE MEDORA, | ) ) ) | |
| Respondent Below, Appellee. | ) | |

Submitted: May 26, 2021
Decided: June 8, 2021

### DECISION ON APPEAL OF COURT OF COMMON PLEAS AFFIRMED

*Stephen A. Spence, Esquire, Catherine M. Cramer, Esquire,* Baird Mandalas Brockstedt, LLC, 1413 Savanna Road, Suite 1, Lewes, DE 19958, *Attorneys for Petitioners Below, Appellant.*

*Vivian A. Houghton, Esquire,* Law Office of Vivian A. Houghton, Inc. 800 N. West Street, 1ˢᵗ Street, Wilmington, DE 19801. Robert F Salvin, Esquire, Two Bala Plaza, Suite 300, Bala Cynwyd, Pa 19004. *Attorneys for Respondents Below, Appellees.*

**Jones, J.**

This long running dispute over the interest on car loans has once again found its way to this Court from the Court of Common Pleas. The long history of this case can be gleamed from the Court of Common Pleas decision of May 2, 2018,[1] this Court's decision of September 20, 2019,[2] and the Delaware Supreme Court decision of May 27, 2020.[3]

Following the Supreme Court's decision of May 27, 2020, Joseph Baird, Alton Griffin and Jeannine Medora (hereinafter referred to as "Appellees") returned to the Court of Common Pleas. The Appellees filed a motion seeking an award of attorney's fees against Auto Equity Loans of Delaware, LLC and David Levi (hereinafter referred to as "AEL"). Griffin and Medora sought fees for the entire case and Baird sought additional fees for the work done on the appeals. On January 4, 2021, the Court of Common Pleas awarded Appellees attorney's fees. The Court awarded Baird $9,210.83; Griffin $18,168.83; and Medora $14,682.83. This appeal challenges the award of those fees. For the reasons stated herein the decision of the Court of Common Pleas is **AFFIRMED.**

---

[1] *Auto Equity Loans of Delaware, LLC v. Baird*, 2018 WL 2059939 (May 2, 2018).
[2] *Auto Equity Loans of Delaware, LLC v. Baird*, 2019 WL 5381915 (Del. Super., 2019).
[3] *Auto Equity Loans of Delaware, LLC v. Baird*, 232 A.3d 1293 (Del. 2020).

## FACTS AND PROCEDURAL HISTORY

The Court will recite only those facts necessary to address the instant appeal.

In 2017 each of the Appellees prevailed in separate arbitration proceedings against AEL. Under the statutes that formed the basis of Appellees' claims there were mandatory fee shifting provisions.[4] Eventually, and timely, AEL filed an appeal in the Court of Common Pleas seeking to overturn the arbitration decisions. On May 2, 2018, the Court of Common Pleas issued a decision vacating the awards in favor of Griffin and Medora but confirming the award for Baird. The Court of Common Pleas awarded attorney's fees of $7,607.46 to Baird.

The Court of Common Pleas decision was appealed to this Court by AEL. Griffin and Medora filed cross appeals. Appellees asked the Superior Court to rule in their favor and remand the case to the Court of Common Pleas for further proceedings, including the assessment of additional attorney's fees.[5] On September 20, 2019, this Court issued a decision affirming the Baird arbitration decision, reversing the Court of Common Pleas judgment, and vacating the arbitration awards that had found against Griffin and Medora. The Superior Court remanded the case to the Court of Common Pleas. The Superior Court wrote:

> The Court of Common Pleas' decision granting summary judgment to Appellants and vacating the arbitration awards of Mr. Griffin and Ms. Medora is REVERSED and the matter is REMANDED for proceedings consistent with this opinion.

---

[4] LIPI, 41 Pa Section 201,503 & 504; 18 U.S.C.1962(c).
[5] See, *Auto Equity Loans of Delaware, LLC v. Baird, et. al.*, C.A.No18A-08-001, Docket Entry 13, page 38.

The decision upholding the arbitration award to Mr. Baird is AFFIRMED.

AEL filed an appeal to the Delaware Supreme Court. Once again the Appellees requested that the case be remanded to the Court of Common Pleas for an award of attorney's fees.[6] On May 27, 2020, the Supreme Court issued a decision affirming the Superior Court. On June 12, 2020, the Supreme Court issued its mandate.

The mandate provided:

WHEREAS, in the case of:

*Auto Equity Loans of Delaware, LLC, and David Levi v. Joseph Baird, Alton Griffin, and Jeannie Medora*

*C.A. No: N18A-08-001*

a certain judgment or order was entered on the 20th day of September 2020, to which reference is hereby made; and WHEREAS, by appropriate proceedings the judgment or order was duly appealed to this Court, and after consideration has been finally determined, as appears from the Order dated May 27, 2020, a certified copy of which is attached hereto;

ON CONSIDERATION WHEREOF IT IS ORDERED AND ADJUDGED that the orders or judgments be and are hereby affirmed.

Lisa A. Dolph,
Clerk of the Supreme Court

On September 10, 2020, Griffin and Medora filed a motion requesting that the Court of Common Pleas enter judgment in their favor and award them with

---

[6] See, *Auto Equity Loans of Delaware, LLC et. al. v. Joseph Baird et. al.,* No 438, 2019, Docket Entry Appellees' Answering Brief, page 38.

4

attorney's fees. Baird also filed a motion with the Court of Common Pleas asking to be awarded an additional $9,210.83 in attorney's fees for his counsel's appellate work. AEL opposed these motions on the grounds that the applications were late and should have been presented to the Appeals courts. On December 4, 2021, the Court of Commons Pleas issued its decision finding in favor of the Appellees and awarding additional fees in the amount of $42,041.66. This appeal followed.

## STANDARD OF REVIEW

This Court's function when addressing an appeal from the Court of Common Pleas is like that of the Delaware Supreme Court.[7] The Superior Court limits its review to correcting errors of law and determining whether the trial judge's factual findings "are adequately supported by the record and are the product of orderly and logical deductive process."[8] Legal conclusions of the trial judge are reviewed de novo.[9]

## ANALYSIS

AEL's contention in this appeal is that the Appellees' request for fees in the Court of Common Pleas for the legal fees incurred in the appeal stages of this litigation are time barred.[10] According to AEL, the time to request attorney's fees for the work performed in the Superior Court was during the Superior Court's phase

---

[7] *Baker v. Connell*, 488 A.2d 1303 (Del. 1985).
[8] *Clifford Romain v. State Farm Mut. Auto. Ins Co., et al.*, 1999 WL 1427801 (Del. Super. 1999).
[9] *Michael P. Burris v. Beneficial Delaware, Inc.*, 2011 WL 2420423 (Del. 2011).
[10] In the Court of Common Pleas AEL also argued that the request for attorney's fees was barred by the doctrine of accord and satisfaction. This argument has not been raised in this appeal.

in this litigation and the time to apply for fees for the work performed in the Supreme Court was during the Supreme Court's phase of this litigation. The basis for AEL's position is twofold.

First, AEL argues that Superior Court Civil Rule 54(d) required Appellees to file their motion for fees associated with the legal work performed in the Superior Court within 10 days because the Superior Court's affirmance was an entry of judgment in favor of Appellees triggering the 10-day requirement under Rule 54. In considering this question, the Court of Common Pleas President Judge concluded that when Rule 54(d) is read in conjunction with Superior Court Rule 58 (which governs the entry of judgments) it is clear that the Superior Court did not enter a judgment in this case. This Court adopts and affirms the analysis by the President Judge of the Court of Common Pleas. As the President Judge wrote, this Court was acting as an appeals court not as a trial court when its decision was being reviewed.

Rule 54 speaks only to costs and not attorney's fees other than the general provision that no appearance fees for attorneys will be permitted or taxed as costs.[11] Rule 54 as presently crafted is applicable to this Court's role as a trial court, *not* as an appeals court. In short, there is nothing in the plain language of Rule 54 that required the appellees to request attorney's fees at the Superior Court appeals level.

---

[11] The Delaware Rules of Civil Procedure are modeled after the Federal Rules of Civil Procedure. When faced with a question about the Delaware Civil Rules of Procedure Delaware Courts look to its Federal counterpart for guidance. *Scott v. Kay.* 227 A.2d 572 (Del. 1967). In this instance such an analysis is not helpful. Unlike Delaware Rule of Civil Procedure 54 its Federal counterpart has a specific provision dealing with how to handle the procedure for attorneys' fees requests. See Federal Rule of Civil Procedure 54(d)(2).

AEL next relies on the Delaware Supreme Court decision in *Pope Investments LLC v. The Marilyn Abrams Living Trust*, 2018 WL 3472191 (Del. Supr., 2018). According to AEL, *Pope* requires a finding by this Court that the application for fees is untimely and has not been filed in the correct court. In *Pope* the Delaware Supreme Court affirmed the judgment of a Court of Chancery and issued a mandate. Months later, the Trust filed a motion for attorney's fees in the Supreme Court. The Supreme Court refused to award fees. First the Supreme Court held that it lacked jurisdiction because the mandate had issued months before. Second, the Supreme Court indicated that it did not award fees because it was not asked to award fees. The significant language of the Supreme Court's decision on which AEL relies provides:

> "The appropriate time for litigants to make a motion for attorneys' fees before a trial court is before the trial court enters a final judgment. Similarly, the appropriate time for a litigant to make a motion before this Court under Rule 20(f) is in the course of the briefing before this Court. It is inefficient for parties to raise collateral post-judgment proceedings regarding attorney's fees."[12]

This Court does not agree that the *Pope* decision stands for the proposition that the instant application for fees is too late. A careful review of the course of this litigation demonstrates why this is the case.

In the initial Court of Common Pleas case, Baird won and was awarded attorney's fees. Griffin and Medora lost the initial case and as such they did not

---

[12] *Pope Investments LLC v. The Marilyn Abrams Living Trust*, 2018 WL 3472191 (Del. Supr., 2018) (ORDER).

7

receive attorney's fees after the initial case. On appeal the Superior Court, sitting solely as a court of record, found in favor of the three appellees. There was a request by the Appellees to remand the case back to the Court of Common Pleas to address the attorney's fees question. The Superior Court reversed the decision of the Court of Common Pleas. The Superior Court specifically indicated that "the matter is REMANDED for proceedings consistent with this opinion". The record is clear that the Superior Court intended the case to return to the Court of Common Pleas for further proceedings. Those further proceedings had to include at least two actions. First, judgment had to be rendered in favor of both Griffin and Medora. Second, the attorney's fees question had to be addressed because any request for such fees was not ripe until judgment was entered by the Court of Common Pleas in favor of Griffin and Medora. Before the case could return to the Court of Common Pleas, AEL filed an appeal to the Delaware Supreme Court.

The issue on appeal to the Supreme Court was the Superior Court decision that included a remand to the Court of Common Pleas for proceedings consistent with the Superior Court decision. In their brief in the Supreme Court, the Appellees once again requested that the case be remanded to the Court of Common Pleas to address the attorney's fees question. The Supreme Court did not specifically address the question of attorney's fees. However, there is no indication that the Supreme Court expressly decided the attorney's fees question against Appellees. Any fair reading of the Supreme Court's mandate in this case can lead to only one conclusion:

8

The Supreme Court was agreeing with the Superior Court that the case was to be remanded back to the Court of Common Pleas for proceedings consistent with the decision. As that decision found in favor of the Appellees and there was a request for attorney's fees, that would be one of the issues to be addressed by the Court of Common Pleas. There is simply nothing in the *Pope* decision that mandates a contrary result.

To the extent that AEL is maintaining that Appellees' request for fees comes too late because Appellees filed the motion for fees in the Court of Common Pleas more than 90 days after the Supreme Court issued its mandate, this Court rejects that argument. Given the long and complex procedural history of this case, a delay of 90 days in filing an application for fees is not unreasonable. This litigation has lasted for over three years and has included an arbitration hearing and different proceedings in the Court of Chancery, the Court of Common Pleas, the Superior Court and the Supreme Court. It is not unreasonable and did not represent an abuse of discretion on the part of the Court of Common Pleas to consider this request.[13]

---

[13] *Shoppes of Mt. Pleasant v. J.M.L.*, 2017 WL 3605355 (Del.Com.Pl. 2017), *LLC v. ASB Allegiance Real Est. Fund*, 2019 WL 1308245 (Del.Com.Pl. 2019).

For the above reasons the decision of the Court of Common Pleas is AFFIRMED.

**IT IS SO ORDERED**.

*/s/ Francis J. Jones, Jr.*
Francis J. Jones, Jr., Judge


cc:    File&ServeXpress