**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| ALCOA WORLD ALUMINA LLC and, | ) | |
| ST. CROIX ALUMINA, L.L.C., | ) | |
| | ) | |
|     Plaintiffs and Counterclaim Defendants, | ) | |
| | ) | |
|           v. | ) | C.A. No. N15C-08-032 EMD CCLD |
| | ) | |
| GLENCORE LTD., | ) | |
| | ) | |
|     Defendant and Counterclaim Plaintiff. | ) | |
| | ) | |

Submitted: March 1, 2016
Decided: March 10, 2016

**ORDER DENYING GLENCORE LTD.'S APPLICATION
FOR CERTIFICATION OF INTERLOCUTORY APPEAL OF THE
COURT'S FEBRUARY 8, 2016 RULING**

This 10th day of March, 2016, upon consideration of Glencore Ltd.'s Application for Certification of Interlocutory Appeal of the Court's February 8, 2016 Ruling filed by Defendant and Counterclaim Plaintiff Glencore Ltd ("Glencore") on February 17, 2016; Plaintiffs' Response to Glencore's Application for Certification of Interlocutory Appeal of the Court's February 8, 2016 Order filed by Plaintiffs and Counterclaim Defendants Alcoa World Alumina LLC and St. Croix Alumina, L.L.C. (collectively, "Alcoa") on February 29, 2016; the Court's February 8, 2016 decision (the "Decision") on (i) Plaintiffs Alcoa World Alumina LLC and St. Croix Alumina, L.L.C.'s Motion for Judgment on the Pleadings and (ii) Defendant Glencore Ltd.'s Motion for Judgment on the Pleadings; Rule 42 of the Supreme Court Rules ("Rule 42"); and the entire record of this civil action,

1. Rule 42(b) dictates the standard for certifying an interlocutory appeal. "No interlocutory appeal will be certified by the trial court or accepted by this Court unless the order of the trial court decides a substantial issue of material importance that merits appellate review

before a final judgment."[1] In deciding whether to certify an interlocutory appeal, the trial court must consider: (1) the eight factors listed in Rule 42(b)(iii);[2] (2) the most efficient and just schedule to resolve the case; and (3) whether and why the likely benefits of interlocutory review outweigh the probable costs, such that interlocutory review is in the interests of justice.[3] "If the balance [of these considerations] is uncertain, the trial court should refuse to certify the interlocutory appeal."[4]

2.    Initially, the Court must determine if the Decision that Glencore seeks certification of "decides a substantial issue of material importance that merits appellate review before a final judgment."[5] The "substantial issue of material importance" prong of Rule 42 requires that the matter decided goes to the merits of the case.[6] The Supreme Court held that decisions regarding indemnification insurance claims are appropriate for interlocutory review.[7] The Supreme Court granted an interlocutory appeal after a trial court held that an insurer did not

---

[1] Del. Supr. Ct. R. 42(b)(i).
[2] Delaware Supreme Court Rule 42(b)(iii) provides:
    [T]he trial court should consider whether;
    (A) The interlocutory order involves a question of law resolved for the first time in this State;
    (B) The decisions of the trial courts are conflicting upon the question of law;
    (C) The question of law relates to the constitutionality, construction, or application of a statute of this State, which has not been, but should be, settled by this Court in advance of an appeal from a final order;
    (D) The interlocutory order has sustained the controverted jurisdiction of the trial court;
    (E) The interlocutory order has reversed or set aside a prior decision of the trial court, a jury, or an administrative agency from which an appeal was taken to the trial court which had decided a significant issue and a review of the interlocutory order may terminate the litigation, substantially reduce further litigation, or otherwise serve considerations of justice;
    (F) The interlocutory order has vacated or opened a judgment of the trial court;
    (G) Review of the interlocutory order may terminate the litigation; or
    (H) Review of the interlocutory order may serve considerations of justice.
Del. Supr. Ct. R. 42(b)(iii).
[3] *Id.*
[4] *Id.*
[5] Del. Supr. Ct. R. 42(b)(i).
[6] *Id.*; *Sprint Nextel Corp. v. iPCS, Inc.*, C.A. No. 3746-VCP, 2008 WL 2861717, at *1 (Del. Ch. July 22, 2008) ("The 'substantial issue' requirement is met when an interlocutory order decides a main question of law which relates to the merits of the case, and not to collateral matters.").
[7] *Rhone-Poulenc Basic Chems. Co. v. Am. Motorists Ins. Co.*, 606 A.2d 73 (Del. 1992); *see also HLTH Corp. v. Axis Reinsurance Co.*, 2009 WL 3326625, at *1 (Del. Super. Sept. 30, 2009)) (noting that interlocutory review of order permitting insurers to deny coverage on particular claims was justified where, even though review would not "completely terminate the litigation" it would "significantly affect the subsequent phase of litigation.")

2

have a duty to indemnify a chemical company the costs of certain coverage, and determined a substantial issue of material importance."[8] Given recent actions by the Court, however, the Court finds that certification here would not resolve a substantial issue of material importance.

3. On March 10, 2016, just before entry of this Order, the Court acted upon a request of Alcoa and entered a Civil Rule 54(b) judgment on all of the claims asserted by Alcoa and a number of the counterclaims asserted by Glencore. The Court's action in entering final judgment on the majority of the claims asserted in this civil action makes those actions appealable on a non-interlocutory basis. Because of this, the remaining open issues in this civil action and those issues available to be determined on interlocutory appeal are no longer substantial issues of material importance. Accordingly, the Court finds that Glencore fails to satisfy Rule 42(b)(i).

4. Even if Rule 42(b)(i) were satisfied, the Court is not convinced that Glencore can meet many of the factors listed in Rule 42(b)(iii)(A) through (H). Glencore argues that because the Court applied *Beloit Power Sys., Inc. v. Hess Oil Virgin Islands Corp.*,[9] the Court's reliance on non-Delaware authority indicates that the issue is one of first impression and is, therefore, appropriate for interlocutory review. Glencore further contends that the Court's Decision conflicts with another Delaware Superior Court case, *Global Energy Finance LLC v. Peabody Energy Corp.*, which held that a broad indemnity provision that did not specifically mention contractual liabilities covered environmental claims asserted against an indemnitee under a contract.[10]

5. After considering the eight factors, the Court finds that Rule 42(b)(iii)(A), (B), (G), and (H) are not implicated.

---

[8] *Id.*

[9] 757 F.2d 1431 (3d Cir. 1985)

[10] C.A. No. 08C-10-129 RRC, 2010 WL 4056164, at *20-21 (Del. Super. Oct. 14, 2010).

6.       The case cited by Glencore, *Global Energy Finance LLC,* is not a case involving the type of indemnification provision present here.  And, if Global Energy Finance LLC had involved a similar contract provision and issue, the Court would have addressed it in the Decision.

7.       The Court does not agree with Glencore that the Decision involves a question of law resolved for the first time in this state.  Even though the Court could not find another Delaware decision with the same fact pattern, the Court applied already accepted rules of law to the facts.  The Court was "comfortable" relying on *Beloit* because the "Court (and the parties) have not discovered any Delaware authority directly on point."[11]  The Court, believing that *Beloit* and other similar decisions were in accordance with Delaware law, applied the reasoning in *Beloit* along with other general accepted principles of Delaware indemnification and contract law to arrive at its holdings in the Decision.

8.       Arguably, Rule 42(b)(iii)(G) and (H) may apply but not in a way that supports an interlocutory appeal under the present circumstances.  First, a review of the Decision may terminate the litigation because the Court's decision removed Alcoa from the New York Action brought by Glencore and absolved Alcoa of any liability to indemnify Glencore under the contractual agreement.  But not all claims would be resolved as the Court left open a number of Glencore's counterclaims.  Next, the review of the Decision may serve considerations of justice because of the pending New York action.  But the entry of the final judgment under Civil Rule 54(b) should more than address this concern.

9.       The Court considered factors (C)-(F) but finds that these factors are not relevant.

---

[11] Decision, at 15.

4

10.     For the reasons set forth above, the Court does not believe certification would promote the most efficient and just method to resolve this case.  The likely benefits of interlocutory review do not outweigh the probable costs, such that interlocutory review is in the interests of justice.  The Court finds, therefore, that Glencore has not met the strict standards for certification under Rule 42.[12]

**IT IS HEREBY ORDERED** that the certification to the Supreme Court of the State of Delaware for disposition in accordance with Rule 42 of that Court is hereby **DENIED**.

Dated:  March 10, 2016
Wilmington, Delaware

/s/ *Eric M. Davis*
Eric M. Davis, Judge

---

[12] *See, e.g., Liberty Mut. Ins. Co. v. Silva-Garcia*, C.A. No. N12A-03-003 CLS, 2012 WL 4165653, at *3 (Del. Super. Sept. 5, 2012) ("[B]efore the Supreme Court will accept an interlocutory appeal, the party seeking the appeal must adhere to the strict requirements set forth in the rule.").